As the sole peril insured against by this policy of insurance was loss or damage by fire, we should naturally expect, in examining exceptions contained in the contract, to find pointed out some circumstances under which the insurers would not hold themselves liable though a loss by fire should take place. Hence a loss occasioned by invasion, insurrection, riot and the like, has usually been found excepted in such policies; and although in this, and perhaps in policies generally, the exception in this respect is in terms of losses by fire, the clause would be equally definite and intelligible if those words were omitted in the clause stating the exception. When, therefore, this policy proceeds to declare that the defendants will not be liable for any loss "occasioned by the explosion of a steam boiler," it refers prima facie to such a loss as by the prior provisions of the contract the defendants would be bound to indemnify against, and not to one which would not be embraced in the general terms of the policy, and as to which there was no occasion to introduce an exception. The most usual consequence of the explosion of a steam boiler, is the breaking and rending the building in which it is contained and the movable property therein; and if this were the only consequence to be apprehended from such an occurrence, the exception introduced into this policy would be quite unnecessary, and we may presume it would not have been inserted. It would not be a loss or damage by fire, unless there was combustion, and then only to the extent of the damage properly attributable to the combustion. (Millandon v. NewOrleans Insurance Company, 4 Rob. Lou'a R. 15.) In one sense it is true the explosion is the consequence of fire, as steam is created by the application of heat; but it is understood that where fire is applied by design, as in culinary and several manufacturing processes, and a loss occurs in consequence of overheating or other misapplication of fire to the subject upon which it was intended to operate, and the injury is limited to that particular subject, such damage is not considered a loss by fire within the meaning of this class of contracts. (Beaumont *Page 519 on Ins. 37 and seq.) But another very usual concomitant of the explosion of a steam boiler is that the place in which it is situated is set on fire. Though this is not universally the case. it is sufficiently common to constitute a subject of consideration in entering into contracts for insurance. As the furnace is required to be in immediate proximity to the boiler, and as the explosion usually overturns and displaces every thing in its vicinity, the danger of a loss by burning is very imminent. I think, therefore, we must understand by the assertion that the company will not be liable for any loss occasioned by the explosion of a steam boiler, that the defendants contracted for an exemption not from responsibility for such losses as they would not be bound to make good if no such clause had been inserted, but for those which by the preceding terms of the policy they had agreed to indemnify against, and which were very likely to be caused by an explosion. It is true, as argued by the plaintiffs' counsel, that the language would have been more distinct and certain if the words by fire had been inserted, as in the earlier member of the sentence where losses by invasion,c., are excepted; but where we see that the comprehensive words,any loss, are used in the place of any loss or damage byfire, we cannot, upon any authorized rules of interpretation, hold that a restricted meaning was intended.
It is also true, as was insisted at the bar, that where the proximate cause of a loss, either in a marine or a fire policy, is one of the perils expressly insured against, the insurer cannot escape responsibility by showing that the property was brought within that peril by a cause not mentioned in the contract. The familiar example of a loss attributable to the negligence of the servants of the assured has recently been before this court, and we have recognized the principle to be as stated by the plaintiffs' counsel. (Matthews v. The HowardIns. Co., ante, p. 9.) If, therefore, there had been nothing said in this policy respecting a steam boiler, this loss, having been occasioned by fire as its proximate cause, would have rested on the insurers, though it had been shown, as it might have been, that the fire was kindled *Page 520 
by means of the explosion. But this principle does not, I think, aid the plaintiffs. The doctrine is, that the courts will not go back to the remote cause where the immediate one belongs to the class insured against. Hence, as before remarked, the negligence of servants does not relieve the insurers. But suppose, by the very terms of a policy against fire, the parties agree that the insurers shall not be answerable for losses occasioned by the negligence of the servants of the assured, and it is found that a dwelling insured has been burned by the neglect of some necessary precaution which should have been taken by the housekeeper of the assured. It would clearly be a loss within the very terms of the exception, and the insurers would be discharged. The case is the same here. The parties knowing that fires were liable to be kindled by the explosion of a steam boiler, and that by the general terms of the policy the insurers would be liable for a fire thus originating, agreed that for such losses the party would be his own insurer.
The loss is within the terms of the exception, according to its popular meaning as well as its grammatical construction, and I do not see any thing in the nature of the case which would warrant us in indulging in a criticism which should give the language a different meaning.
There is, as was mentioned on the argument, a possible case where the language in question would not be entirely unmeaning upon the construction contended for by the defendants' counsel. An explosion may be caused by a fire exterior to the boiler or furnace, and the building and moveables may be injured by the force of the steam, though no combustion takes place, and it may be true that the insurer would be protected from answering for that loss by the exception in question. But this theory requires a set of circumstances so unlikely to happen, that I cannot think that the contract was framed with any view to them. We shall, I am persuaded, be more likely to construe the contract according to the intention of the parties, by adopting that interpretation which is most natural and obvious, rather *Page 521 
than to suppose possible cases, very unlikely to happen, and which it is improbable the parties had in view.
I am of opinion, therefore, that the judgment of the superior court should be affirmed