## HAYWARD *v.* THE LIVERPOOL AND LONDON LIFE AND FIRE INSURANCE COMPANY.

### September, 1867.

Affirming 7 *Bosw.* 385.

A provision in a policy of fire insurance, exonerating the company from loss by fire which should happen by explosion, must be taken to include an explosion of a steam engine insured by the policy, as well as any external explosion.[*]

The exception of fire caused by explosion, is not inconsistent with the fact that the engine itself was insured against fire.

The rule that, in case of repugnancy between the written and the printed parts of the policy, the written shall prevail over the printed part, is not applicable in such a case. In such cases the inquiry always is, is there any repugnancy between the exception and the scope of the undertaking in the policy? If not, effect is to be given to both the written and printed parts, according to the ordinary rules of construction.

Nathaniel Hayward sued the Liverpool & London Fire and Life Insurance Company, in the New York superior court, on a policy of insurance of an India rubber factory against fire. Among the articles specified in the written part of the policy as insured were "machinery, tools, steam engine and shafting contained in building No. 1."

In the body of the *printed* part of the policy was the following proviso or condition:

"Provided always, and it is hereby declared and agreed that this company shall not be liable to make good *any loss or damage by fire, which shall happen or arise* from any foreign invasion, insurrection, riot, or civil commotion, or any military or usurped power, *or by any explosion*, earthquake, or hurricane,

---

[*] This case may be regarded as overruling the case of the same plaintiff against the Northwestern Insurance Company, decided in the supreme court in 1864, and reported in 19 *Abb. Pr.* 116. Compare Evans *v.* Columbian Ins. Co., 44 *N. Y.* 146.

and the policy shall remain suspended and of no effect in respect to any loss or damage which shall happen or arise during the period of any of these contingencies."

One condition printed upon and referred to in the policy, was: "Neither will this company be answerable for loss or damage to stock or goods while undergoing any process in which the application of fire heat is necessary, *nor for loss or damage by explosion of any kind.*"

*The superior court* held that the exception exonerated the company, and gave judgment for the defendants. Reported in 7 *Bosw.* 385. Plaintiff appealed.

*Luther R. Marsh* and *O. W. Sturtevant,* for plaintiff, appellant;—Cited Harper *v.* Albany Mut. Ins. Co., 17 *N. Y.* 194; Bryant *v.* Poughkeepsie Mut. Ins. Co., *Id.* 200; St. John *v.* Am. Mut. Ins. Co., 11 *Id.* (1 *Kern.*) 516; Harper *v.* City Ins. Co., 1 *Bosw.* 520; * Hayward *v.* N. W. Ins. Co., 19 *Abb. Pr.* 116; Harper *v.* N. Y. City Ins. Co., 22 *N. Y.* 441, 443; Citizens' Ins. Co. *v.* McLaughlin, 6 *Am. Law Reg. N. S.* 374.

*Alex. Hamilton, Jr.,* for defendants, respondents;—Cited Harper *v.* Albany Ins. Co., 17 *N. Y.* 194; St. John *v.* Am. Mut Ins. Co., 11 *Id.* (1 *Kern.*) 516.

J. M. PARKER, J.—The provision in a policy that a company will not be liable to make good any loss or damage by fire which shall happen or arise by any explosion, repeated in the conditions appended, and referred to in the policy, must, I think, be taken to include an explosion of the steam engine insured, as well as any external explosion.

There is no inconsistency in such construction with the fact that the engine itself was insured against fire. The company might well say: We will insure your factory, engine included, against fire produced from every cause, except an explosion of the engine. So far from there being any inconsistency in this, it is impossible to say that it was not a wise and reasonable provision, intended to induce carefulness in the management of the engine, and to refuse the risk of carelessness in its use. It

* Affirmed in 22 *N. Y.* 441.

is said the defendant had been paid an extra price for the risk caused by the engine. Still the exception in the risk of its explosion is not inconsistent with that fact. Undoubtedly the use of a steam engine, and without respect to its liability to explode, increases the hazard of loss by fire to a building in various ways, which sufficiently accounts for the extra charge for insurance, where one is used. In the case of Harper *v.* Albany Mutual Ins. Co., 17 *N. Y.* 194, relied upon by the defendant, the doctrine affirmed was, that in construing a policy of insurance, the intent of the parties is to be gathered from both the written and printed portions, and effect given to both, so far as can be; but in case of repugnancy between them, the written part shall prevail over the printed part; and the principle was illustrated by the learned judge who gave the opinion of the court, in the following manner: "When the insurance is directly upon the stock in trade, as, for example, in the business of manufacturing and sale of camphene, to hold that a general printed prohibition (contained in every policy of insurance) against keeping or using it, unless permission be specially given and indorsed upon the policy, would have the effect to nullify its direct and positive stipulations, would be proposterous."

The case at bar is very different from that of Harper *v.* Albany Mutual Insurance Co.; and as we have seen that there is no repugnancy between the insurance of the engine against loss by fire and the exception of loss and damage by fire, occasioned by the explosion of the engine, it is not within the principle of that case.

The inquiry always is, is there between the exception and the scope of the undertaking in the policy any repugnancy? If not, in construing the policy the intent of the parties is to be gathered from both the written and printed portions, and effect given to both, according to the ordinary rules of construing written contents.

I am of the opinion that the judgment of the superior court is right, and should be affirmed.

PORTER, J. The insurance of property, in contemplation of its use for a known and specified purpose, imports, *ex vi termini,* a license to keep the articles and employ the agencies in-

cidental and essential to beneficial enjoyment for the use proposed. Against a license of this nature, implied from the language used in the written portion of the policy, a printed prohibition in some other portion of the instrument will not be allowed to prevail. This was the principle settled in the cases on which the appellant mainly relies. Harper v. Albany Mut. Ins. Co., 17 N. Y. 194; Bryant v, Poughkeepsie Mut. Ins. Co., Id. 200.

We see no reason, however, for extending it to a case like this, where there is no inconsistency between the written and the printed clauses, and where full effect can be given to all parts of the instrument, in harmony with the manifest intent of the parties.

The company does not claim a forfeiture by the plaintiff of his rights through the use of the boiler in question, but appeals to a mutual stipulation in the contract that the insurer should should not be held liable for injuries resulting from a particular cause. The use of a steam engine, generating a high degree of heat, would necessarily expose the property to more than ordinary danger, and an extra premium was accordingly charged for the risk. There was one hazard, however, connected with its use, which the company refused to assume, and for which it received no compensation. The language of the stipulation is plain, and its purpose entirely obvious. The plaintiff was at liberty to keep and use shafting, engines, boilers, and whatever else was customary and needful in conducting the business of his factory. The insurer was to make good any injury to the property by fire; provided always that such fire should not be caused "by any explosion;" and in that case, it was mutually agreed that the defendant should not be liable to make good the loss. The injury resulted from such an explosion; and there is no principle on which the company can be chargedt wih a liability from which it was absolved by the plaintiff, in the very contract on which he sues. St. John v. American Mut. Fire and Marine Ins. Co., 11 N. Y. 516; Strong v. Sun Mut. Ins. Co., 31 N. Y. 103.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.