WILLIAM RENSHAW, Respondent, v. THE FIREMAN'S INSURANCE COMPANY OF BALTIMORE, Appellant.

St. Louis Court of Appeals, January 22, 1889.

1. **Insurance: EXCEPTED CAUSES OF LOSS.** The defendant insured the plaintiff against loss or damage on his buildings "by fire originating in any cause," etc., with a reservation that "if a building shall fall, except as the result of a fire, all insurance by the company on it or its contents shall immediately cease and determine." The loss ensuing was accompanied by an explosion, which was claimed by the plaintiff to have been caused by an antecedent fire, and by the defendant to have been the effective destroying agency, followed by a fire. *Held:* Whether the ignition of the explosive substance was caused by a negligent or unlawful fire, or by an innocent fire not having in itself a destructive tendency, the accepted scientific fact must be recognized, that such explosions are preceded by ignition and accompanied by intense heat; and therefore, in either event, it cannot be said that a loss under a policy which insures against fire "originating in any cause" is not within the risks covered by such policy.

2. **Instructions: CAUSE OF LOSS.** An instruction was properly given to the effect that, if the jury believed that a fire upon some part of the premises was the original cause of the loss, or that the fall of the buildings was the direct result of some burning substance in contact with some part of the buildings, then it was immaterial whether the result manifested itself in the form of combustion or explosion, or of both combined. In either case, the damage was covered by the terms of the policy.

3. **Instructions:** INSURER'S LIABILITY. An instruction which, in defining an insurer's liability, limits the application of the word "fire," when resulting in explosion, to a "burning substance in contact with some part of the buildings," is not open to objection that the word may be applied in that connection to a burning gas-jet or other lawful and innocent fire on the premises.

4. **Instructions:** PERCEPTIBLE DAMAGE. Instructions to the effect that if the buildings were not perceptibly damaged by fire prior to the explosion, there could be no recovery on the policy were properly refused.

5. **Instructions:** UNNECESSARY NUMBER. Where there is but one issue before the jury, the refusal of nine instructions asked for by the defendant may be justified on account of their number alone.

*Appeal from the St. Louis City Circuit Court.*—Hon. DANIEL DILLON, Judge.

AFFIRMED.

*Clinton Rowell* and *Franklin Ferriss*, for the appellant.

(1) A burning gas-jet or other innocent fire on the premises insured is not such a fire, within the meaning of the policy, as will render the company liable for an explosion which results from the contact of explosive matter with such fire. 1 Wood on Fire Ins. 245; *Harper v. Ins. Co.*, 22 N. Y. 448; *Ins. Co. v. Foot*, 22 Ohio St. 349; *Briggs v. Ins. Co.*, 53 N. Y. 449. (2) The terms of the policy must be construed in their plain, ordinary and popular sense, and an explosion by ignition is not a fire within the terms of the policy so construed. *Ins. Co. v. Foot*, 22 Ohio St. 348; *Ins. Co. v. Dorsey*, 56 Md. 70; *St. John v. Ins. Co.*, 11 N. Y. 516; *Millandon v. Ins. Co.*, 4 La. An. 15; *Washburn v. Ins. Co.*, 9 Ins. Law Jour. 68; May on Ins., sec. 416; 1 Wood on Ins. 245; *Everett v. Ins. Co.*, 19 C. B. (N. S.) 126; *Ins. Co. v. Robinson*, 64 Ill. 264; *Babcock v. Ins. Co.*, 4 N. Y. 336; *Taunton v. Ins. Co.*, 2 H. & M. 135.

*Chester H. Krum,* for the respondent.

"If a building shall fall except as the result of a fire," etc., means, that the fall shall have been caused by inherent defects of construction. It does not contemplate the case of an explosion followed by a fall of the building and fire ensuing upon and connected with such explosion. *Dows v. Faneuil Hall Co.,* 127 Mass. 346, 348. Where the indemnity is against "fire originating in any cause," a loss by fire originating in an explosion is within the risk. *Ins. Co. v. Foote,* 22 Ohio St. 340 ; *Ins. Co. v. Robinson,* 64 Ill. 265. Where the effects produced are the immediate result of the contact of a burning substance with a building, it is immaterial whether such results manifest themselves in the shape of an explosion, or of combustion, or both combined. In either event the consequent loss is a loss by fire. *Scripture v. Ins. Co.,* 10 Cush. 356, 362 ; *Ins. Co. v. Corlies,* 21 Wend. 367, 371 ; *Ins. Co. v. Lawrence,* 10 Peters, 507.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant company issued a policy of fire insurance on certain buildings owned by the plaintiff, thereby agreeing to indemnify him to the extent of four thousand dollars "against loss or damage to the same by fire originating in any cause, except invasion, foreign enemies, civil commotion, riot or any military or usurped power whatsoever, for and during the term of five years from and after September 10, 1887." The policy contained the clause that "if a building shall fall except as the result of a fire, all insurance by the company on it or its contents shall immediately cease and determine." On December 1, 1887, the buildings insured were wholly destroyed, as plaintiff claims, by fire, within the meaning of such policy. The plaintiff

thereupon instituted this action against the defendant, setting forth in his petition the contract of insurance, the loss of the property by a risk insured against, and the defendant's refusal to indemnify him. The defendant answered denying all allegations of the petition except the contract of insurance. The answer sets up the clause of the policy which relates to the fall of a building, and avers that on the first day of November, 1887, said buildings fell without being the result of or caused by fire, and that said policy thereupon became null and void before any loss or damage by fire took place. While there is a discrepancy in dates between the petition and answer, as to when the building was destroyed, the proof shows the date of the occurrence to have been November 1, 1887, between one and two o'clock A. M.

The trial of the cause resulted in a verdict and judgment for plaintiff and the errors assigned on this appeal relate to the action of the court in modifying and refusing the defendant's instructions, and giving those asked by the plaintiff. The plaintiff gave evidence tending to show inferentially at least, that on the night of the destruction of the building, and preceding the explosion, there was what is known as an illegal or negligent fire on the premises, and plaintiff's theory of the accident was that this illegal or negligent fire communicated with some explosive substance, probably a mixture of hydro-carbonic or illuminating gas with atmospheric air, thus causing the explosion, which unquestionably resulted in the destruction of the building. The defendant's theory was that some inflammable and explosive substance, probably a mixture of illuminating gas with atmospheric air, was ignited by a gas-jet left burning in a grocery-store on the premises, or by a fire in the stove, or some other lawful fire. There was inferential, but no direct, evidence that there was such lawful fire on the premises at the time, although one of

defendant's witnesses testified that no gas-jet was burning in the store immediately preceding the accident. The theory of an explosion of a gas mixture was supported by the fact of a strong antecedent smell of gas, and by the great violence of the rending force, but opposed by the fact, testified to by several witnesses, that two or three explosions followed each other in rapid succession. Most of the inmates of the house, including the proprietor of the grocery-store, perished in the accident, which created a sensation in the community at the date of its occurrence, and the true cause of which will probably remain a mystery forever. It was conceded by the testimony that there was a luminous, burning, unlawful, fire on the premises, sufficiently intense to visibly char many of the timbers and to consume the limbs of a human body, the contention of the plaintiff being that this fire originated while the building was standing, and caused the explosion or explosions, and the defendant contending that it was the result of the explosion. We deem this statement of the evidence sufficient to enable us to determine intelligently whether the defendant's complaint, that the court erred in instructing the jury, is well founded. As there is no point made on the *quantum* of damages recovered, instructions bearing on that point alone are omitted, and all instructions, for the sake of convenient reference, are marked with our own numerals.

On part of the plaintiff, the court instructed the jury as follows:

"1. In determining whether the buildings insured were damaged or destroyed by fire, the jury may find that they were so damaged or destroyed by fire if they believe from the evidence that a fire of some description upon some part of the premises was the original cause of the loss, although they may also find from the evidence that such fire was followed by an explosion, which was itself the direct result of the fire, and which

brought about the fall of the buildings,—in other words, if the jury believe from the evidence that the fall of the buildings was the direct result of some burning substance in contact with some part of said buildings, it is immaterial whether such result manifested itself in the form of combustion or of explosion, or of both combined. In either case, the damage which ensued was by the action of fire and it is covered by the terms of the policy sued on in this action."

"2.  The court instructs the jury that the policy of insurance sued on is a covenant or contract of indemnity, whereby the defendant agrees to indemnify the plaintiff against loss or damage to the buildings covered by the policy by fire originating in any cause; hence if the jury believe from the evidence that the plaintiff was the owner of the buildings described in the policy, that such buildings were damaged or destroyed by fire, that more than sixty days have elapsed from the time when proofs of the loss were furnished to the defendant by the plaintiff, down to the institution of this suit, then the plaintiff is entitled to recover in this action and the jury will return a verdict for the plaintiff."

On part of the defendant, but of its own motion, the court gave the following instructions:

"3.  The court instructs the jury that if they believe from the evidence that the loss or damage to the property insured was occasioned by an explosion, which was not caused by fire on said premises, the plaintiff cannot recover in this case."

"4.  The court instructs the jury that if they find and believe from the evidence that the buildings in question were thrown down by an explosive substance, or by an explosion of illuminating gas, not caused by fire in said premises, and were not damaged by fire until after being so thrown down, then plaintiff is not entitled to recover in this action and the jury will find for the defendant."

"5.   The jury are instructed that if they find from the evidence the loss or damage to the property insured was caused by an explosion on or near the premises insured, the plaintiff cannot recover in this case ; unless the jury further believe from the evidence that said explosion was caused by fire on said premises."

The instructions asked by the defendant in lieu whereof the modified instructions were given by the court were as follows :

"6.   The court instructs the jury that if they find from the evidence that the loss or damage to the property insured was occasioned by an explosion, the cause of which the jury cannot determine from the evidence, the plaintiff cannot recover in this case.

"7.   The court instructs the jury that if they find and believe from the evidence that the buildings in question were thrown down by an explosive substance or by an explosion of illuminating gas, and were not damaged by fire until after being so thrown down, then plaintiff is not entitled to recover in this action and the jury will find for the defendant."

"8.   The jury are instructed if they find from the evidence the loss or damage to the property insured was caused by an explosion on or near the premises insured the plaintiff cannot recover in this case."

Besides these instructions the defendant asked nine other instructions, all bearing upon the cause of the loss. We deem it unnecessary to set these instructions out in detail, since there was only one issue before the jury on the theory on which the court and the defendant tried the case, namely, whether the loss was the result of an unlawful fire on the premises antecedent to and causing the explosion, or explosions, which resulted in the destruction of the premises.   This being the case the court would have been justified, on the authority of *Crawshaw v. Sumner*, 56 Mo. 517, and *Desberger v.*

*Harrington,* 28 Mo. App. 636, to refuse all of the instructions asked by the defendant on account of their number alone. The defendant is therefore not in a position to complain in this court that part of his instructions were refused.

The only inquiry which is properly before us is whether the court erred in the instructions given, and whether the instructions given were framed so as to submit all the issues arising upon the evidence to the jury, since non-instruction is no ground of error in this state. The defendant maintains that the court did so err; that the instructions given for plaintiff, as well as the modified instructions given by the court, properly admit of the construction that the defendant was liable for loss caused by explosion even though such explosion was the result of the ignition of explosive material by a burning gas-jet or other lawful and innocent fire on the premises. Conceding for the sake of argument that the law is as contended for by the defendant, and that even under the peculiar terms of this policy it could not be held liable for damages caused by an explosion accompanied by ignition of the explosive substance, unless the ignition of the explosive substance were caused by a negligent or unlawful and not by an innocent antecedent fire, and yet we see no just ground of complaint against the instructions given by the court. It must be assumed that juries empaneled to try these cases possess ordinary intelligence, and that when they are referred to fire as an agent of destruction, they know that it does not mean the fire in a stove or the light of a burning gas-jet, since the application of the term to the latter would at best be a very unusual one, even in common parlance. In the first instruction, the meaning of the word fire is limited to a "burning substance in contact with some part of the building," which limitation is more intelligible to the minds of the layman than the

term of "negligent" or "unlawful" fire used in some of the law-books and decisions. Instructions three, four and five, given by the court of its own motion are as favorable to defendant as the evidence and applicatory law warranted, even if the defendant's contention as to the law governing the contract is correct. A careful examination of instructions seven and eight, which were refused, will show that they told the jury in substance, that even though they found that a negligent fire was raging on the premises and consuming its contents prior to the explosion, yet if they further found that the buildings themselves were not perceptibly damaged prior to the explosion, there could be no recovery. Such is not the law. The bare statement of the proposition is equivalent to its refutation, and the modifications made by the court, were not only warranted, but demanded by the facts of the case. We must bear in mind that by the terms of this policy these buildings were insured against fire originating in any cause, and that explosion is not an excepted cause. In the cases cited by appellant the loss was the result of an excepted cause. In *Transatlantic Ins. Co. v. Dorsey*, 56 Md. 70, the company excepted from the risk "loss caused by the explosion of gunpowder or any explosive substance," and the loss sued for was caused by explosion. In *St. John v. Ins. Co.*, 11 N. Y. 516, the insurer exempted loss occasioned by the explosion of a steam-boiler, and the fire originated in such explosion. In *United Life Ins. Co. v. Foote*, 22 Ohio St. 348, the exception was, "any loss or damage occasioned by or resulting from any explosion whatever," and an explosive mixture of whiskey vapor and atmosphere had come into contact with the flame of a gas-jet, causing an explosion which set the fire in motion which caused the loss. In *Briggs v. N. A. & M. Ins. Co.*, 53 N. Y. 446, the risk excepted was "the loss by lightning or explosion of any kind unless fire ensues, and then for the loss or damage by

fire only." In *Harper v. N. Y. Ins. Co.*, 22 N. Y. 448, the policy excepted from the risk was "loss occasioned by camphene," and the fire was the result of throwing into a pan of camphene a lighted match.    In all these cases the loss was occasioned, or was the direct result of an excepted peril, and the language used by the courts has to be taken in connection with the facts before them. In the case at bar the indemnity is against fire originating in any cause, without exceptions.    It is an elementary rule of the law of fire insurance that a policy against fire includes loss by demolition caused by an explosion, when such explosion is the direct result of an antecedent fire.    The defendant contends that this is the law only when the antecedent fire is within the risk of the policy and that the rule has no application to a case where the ignition of the explosive substance, though followed by explosion, is almost instantaneous with the latter.    Whether the explosions in this case, if more than one, were the result of ignition of fluids which were stored on the premises, or the result of the ignition of the explosive mixture of illuminating gas with air, and whether the fire, spark or flame causing the ignition of such explosive substance was a negligent or unlawful fire, rests on mere inference from surrounding circumstances.    We are bound, however, to take notice of the universally accepted scientific fact, that explosion of such substances is preceded by ignition and accompanied by intense heat.    This being so, we are not prepared to say that when the policy insures against fire, *originating in any cause*, a loss caused by the ignition of an explosive substance by an innocent fire is not within the risks covered by the policy.    This distinction is recognized by Judge Denio in *St. John v. Ins. Co.*, 11 N. Y. 519, where the policy excepted losses caused by explosions of steam-boilers or arising from any other cause, where he says: "If there had been nothing said in this policy respecting a steam-boiler, this loss having been

occasioned by fire as its proximate cause would have rested on the insurers, though it had been shown, as it might have been, that the fire was kindled by means of the explosion." It is not necessary, however, to decide this point, as the verdict was warranted even on the theory of law contended for by the defendant, and as the charge of the court to the jury, even ont hat theory, is not subject to any just criticism.

It results that the judgment must be affirmed, and all the judges concuring, it is so ordered.