JOHN F. HEUER

*v.*

NORTH WESTERN NATIONAL INSURANCE COMPANY OF MIL-
WAUKEE.

*Filed at Ottawa, January* 19, 1893.

1. INSURANCE — *against loss by fire — exemption from liability for
loss by explosion.* A clause in a policy of insurance against loss by fire,
that the company shall not be liable for any loss caused by explosion
of any kind, unless fire ensues, contemplates the existence of more than
one kind of explosion, and is broad enough to include an explosion pro-
duced by the ignition and combustion of the agent of explosion as well
as an explosion without combustion.

2. So where an explosion was produced by the lighting of a match in
the basement of a building which was filled with illuminating gas,
causing the falling of the floor of the store above where the insured had
his goods, and there was no damage to the goods by the actual burning
or scorching of them, but they were injured by the falling of the floor,
it was *held,* that the insurance company was not liable under a policy
containing such an exemption clause for the damage to the goods so
resulting.

3. SAME — *determining whether a loss is caused by fire or explosion
within the meaning of the policy.* It is a well-settled principle in the
law of insurance, that the proximate and not the remote cause of the
loss must be regarded in order to ascertain whether the loss is covered
by the policy or not. If a lighted match is applied to a keg of powder
or to illuminating gas confined in a room, and an explosion thereby
occurs which causes damage, but is not followed by combustion, the
explosion will be the proximate cause of the injury, and the lighted
match only the remote cause. In such case the lighted match is not a
fire in the meaning of a policy of insurance against loss by fire.

4. The determination of the question whether a loss is attributable
to fire or to explosion will sometimes depend upon the further ques-
tion, whether the fire is an incident to the explosion, or whether the ex-
plosion is an incident to the fire. The effects of explosion will be
included in the loss occasioned by a precedent fire producing the explo-
sion, if the fire is the direct and efficient cause of the loss and the
explosion is but the incident.

5. A loss other than by combustion, resulting from an explosion,
when the explosion itself is caused by a destructive fire already in pro-
gress, comes within the general risk of a policy against fire only. In

the application of this principle, it makes no difference whether the fire operating as the principal cause of the loss, and to which an explosion occurring during its progress is a mere incident, originates in the building where the insured property is located or out of it.

6. If a policy merely insures property against loss by fire generally, without making any exception of a loss by explosion, the flame of a lighted match or burning gas jet may be such a fire as is embraced within the terms of the policy, and the loss resulting from an explosion caused by the contact of the lighted match or burning gas jet with gunpowder or illuminating gas or other explosive substance, may be covered by the policy.

7. When there is no exception of a loss by explosion, the fire producing the explosion is a cause of the loss, so as to come within the meaning of the policy.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE H. KETTELLE, Judge, presiding.

Messrs. RUBENS & MOTT, for the appellant :

The language of the policy is to be construed most strongly against the company. 1 Wood on Fire Ins., sec. 60; *Ins. Co.* v. *Scammon*, 100 Ill. 649.

As to clause of exemption of liability for loss caused by explosion, see *Washburn* v. *Ins. Co.*, 2 Flip. 664; 1 Wood on Fire Ins., sec. 104; *Ins. Co.* v. *Boom*, 95 U. S. 130; *Phillips* on Ins., secs. 1037, 1132; *Brady* v. *Ins. Co.*, 11 Mich. 425; *Butler* v. *Wildman*, 3 B. & Ald. 398; *Lung* v. *Tingsboros*, 11 Cush. 563; *Ins. Co.* v. *Tweed*, 7 Wall. 44.

We refer now to cases in which there was no provision exempting loss or damage by explosion, to-wit: *Scripture* v. *Lowell, etc., Ins. Co.*, 10 Cush. 356; *Hobbs* v. *Ins. Co.*, 12 Can. Supr. Ct. 631; *Renshaw* v. *Ins. Co.*, 33 Mo. App. 394; *Waters* v. *Ins. Co.*, 11 Pet. 213; *Insurance Co.* v. *Corlies*, 21 Wend. 367.

No case has been found where the company escaped liability from a loss caused by the ignition of an explosive substance, producing an explosion, if no exemption clause was contained in the policy; but where explosions have occurred through

HEUER v. NORTH WESTERN NAT. INS. CO. OF MILWAUKEE. 395

Brief for the Appellee. Opinion of the Court.

the expansion of steam, etc., not involving an accidental ignition of an explosive substance, the companies have been held exempt, on the ground that the peril insured against is fire and not explosion, although the policies were silent as to explosions. *Millandon* v. *Ins. Co.*, 4 La. Ann. 15; *Babcock* v. *Ins. Co.*, 6 Barb. 637; *Scripture* v. *Ins. Co.*, supra.

The exemption does not apply in case a wrongful fire precedes the explosion. *Ins. Co.* v. *Dorsey*, 56 Md. 70; *Ins. Co.* v. *Foote*, 22 Ohio St. 340.

Messrs. TATHAM & WEBSTER, for the appellee:

Under the exemption clause of the policy there was no liability for a loss by an explosion not the result of a fire and not followed by a fire. *Miller* v. *Ins. Co.*, 41 Ill. App. 395; Wood on Fire Ins., sec. 104; *Caballero* v. *Herm Ins. Co.*, 15 La. Ann. 217; *Briggs* v. *N. A. Ins. Co.*, 43 N. Y. 446; *U. S. Ins. Co.* v. *Foote*, 22 Ohio St. 340; *Ins. Co.* v. *Tweed*, 7 Wall. 44; *Roe* v. *Columbus Ins. Co.*, 17 Mo. 301; *Montgomery* v. *Fireman's Ins. Co.*, 16 B. Mon. 427; *Stanley* v. *Western Ins. Co.*, L. R. 34–71; *St. John* v. *Am. Ins. Co.*, 11 N. Y. 516.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, begun on March 5, 1890, in the Superior Court of Cook county, by the appellant against the appellee company upon an insurance policy, issued by said company on July 8, 1889, insuring a stock of jewelry and fixtures belonging to the plaintiff and contained in the three-story brick building known as No. 426 Milwaukee avenue in Chicago. The plea was non-assumpsit. By agreement a jury was waived, and the cause was submitted to the court for trial without a jury upon an agreed state of facts. The court refused to hold as law applicable to the case four propositions submitted by the plaintiff. The finding and judgment were in favor of the defendant, and the judgment of the trial court

has been affirmed by the Appellate Court, whence the case is brought here by appeal.

The policy is for insurance against loss or damage by fire and contains the following provision :

" This company shall not be liable by virtue of this policy * * * for any loss or damage by fire caused by means of an . earthquake; nor of an invasion, insurrection, riot, civil commotion, or military or usurped power; * * * nor for any loss caused by the explosion of gunpowder nor any explosive substance, nor by lightning or explosion of any kind, unless fire ensues, and then for the loss or damage by fire only."

By the agreed statement of facts, it is stipulated that, on September 13, 1889, at 7 o'clock in the morning, an explosion took place in the basement of said building by which the damage to the insured property occurred ; that the explosion was produced by the lighting of a match in the basement which was then filled with illuminating gas; " that the damage was a damage by the explosion produced in this manner, but was not a damage produced by the burning of the property insured ; " that the illuminating gas was accidentally ignited by the flame from said lighted match, and burned, and instantaneously produced this explosion ; that the ignition of the match and gas in the basement was immediately followed by a loud report and explosion ; that the explosion, so caused, caused the falling of the floor of the store and the damage to the goods; that there was no damage to the goods by the actual burning of them.

The question presented by the refusal of plaintiff's propositions is, whether the loss sustained, under the circumstances thus detailed, was a loss by fire within the meaning of the policy. It is conceded, that no fire ensued from the explosion, and that the goods were not burned by fire, but were damaged by the falling of the floor, which was produced by the explosion. If, therefore, the loss was in any sense the result of fire, such

fire could only have been the flame of the match, which came in contact with the illuminating gas. Is the loss to be attributed to the explosion, or to the lighting of the match, which preceded the explosion? If it is attributable to the explosion, the loss is not covered by the policy, and the company cannot be held liable.

The exemption clause provides that "this company shall not be liable * * * for any loss caused by * * *. explosion of any kind unless fire ensues." The use of the expression, "explosion of any kind," contemplates the existence of more than one kind of explosion. Without undertaking to make an accurate classification, we deem it sufficient to say, that one kind of explosion is that which is produced by the "ignition and combustion of the agent of explosion," as where a lighted match is applied to a keg of gun-powder, and another kind of explosion is that which does not involve "ignition and combustion of the agent of explosion," as where steam, or any other substance, acts by expansion without combustion. (*Scripture* v. *Lowell Mut. Fire Ins. Co.*, 10 Cush. 356). The exemption clause is broad enough to embrace both kinds of explosion. As the present case, where it appears that a lighted match was applied to the illuminating gas confined in the basement of a building, furnishes an instance of the first kind of explosion above specified, it manifestly comes within the terms of the exemption.

It is a well settled principle in the law of insurance, that the proximate and not the remote cause of the loss must be regarded in order to ascertain whether the loss is covered by the policy or not. *In jure non remota causa sed proxima spectatur.* Lord BACON says: "It were infinite for the law to judge the causes of causes, and their impulsions one of another; therefore it contenteth itself with the immediate cause, and judgeth of acts by that without looking to any further degree." (*Everett* v. *The London Assurance*, 19 C. B. [N. S.] 126). Where a lighted match is applied to a keg of gun pow-

der, or to illuminating gas confined in a room, and an explosion thereby occurs which causes damage, but is not followed by combustion, the explosion is the proximate cause of the injury, and the lighted match is only the remote cause. In such case, fire does not reach the property injured, but the concussion resulting from the explosion damages it. Here, the goods insured were not brought in contact with the fire produced by the lighting of the match, but with the explosive power of a fireless concussion, which caused the floor of the store, in which they were situated, to fall, and thereby occasioned the injury.

In *Everett* v. *The London Assurance*, 19 Com. Bench (N. S.) 126, a powder magazine, more than half a mile distant from the house insured, ignited and exploded, shattering the windows and window frames and damaging the structure generally by the atmospheric concussion caused by the explosion, but not burning, heating or scorching any part of the premises; and it was there held, that " it would be going into the causes of causes to say that this was an injury caused by fire to the property insured;" that the expression " loss or damage occasioned by fire " was to be construed as ordinary people would construe it, and that those words " mean loss or damage either by ignition of the article consumed, or by ignition of part of the premises where the article is."

In *Caballero* v. *Home Mut. Ins. Co.*, 15 La. Ann. 217, where a fire broke out in a building about 200 feet distant causing the explosion of gun-powder, which, by the concussion of the air, injured the building insured against fire, it was held, that such a loss could not have been within the reasonable intendment of the parties and was not covered by the policy.

In *Briggs* v. *N. A. and M. Ins. Co.*, 53 N. Y. 446, where the policy insured certain machinery in a mill against loss by fire and contained a provision, like the one in the case at bar, exempting the company from liability " for loss caused by * * * explosions of any kind, unless fire ensues, and then for the loss or damage by fire only," vapors from the works in

the mill, where the business of rectifying spirits was carried on, came in contact with a burning lamp in the mill, left there by persons repairing the machinery, causing an instantaneous explosion, which blew off the roof of the building and blew down the greater part of the walls and injured the machinery, and also resulting in a fire which occasioned some damage, though slight compared with that caused by the explosion; and it was there held that the company was liable for the damages caused by the fire which followed the explosion, but not for those caused by the explosion itself, the court saying, among other things: "The exception, too, is general, including explosions by fire as well as others. There seems no reason for excluding an explosion like this from the exception. There was no fire prior to this explosion. The burning lamp was not a fire within the policy. The machinery was not on fire, as such term is ordinarily used, until after the explosion." So, it may be said, in reference to the case at bar, that there was no fire prior to the explosion, and that the lighted match was not a fire within the policy.

In *United Life, Fire and Marine Ins. Co.* v. *Foote,* 22 Ohio St. 340, the policy insured a stock of merchandise against fire, and provided that the company should not be liable for "any loss or damage occasioned by or resulting from any explosion whatever," and it appeared, that a mixture of whisky vapor and atmosphere, coming in contact with the flame of a gas-jet in the still-room, ignited from it and immediately exploded, setting a fire in motion which destroyed the insured property; it was held, that the loss was from the fire occasioned by the explosion, and that the company was not liable for it under the broad language of the exemption clause, but it was at the same time held, that the burning gas-jet "was not such fire as was contemplated by the parties as the peril insured against. The gas-jet though burning, was not a destructive force against the immediate effects of which the policy was intended as a protection; although it was a possible means of putting such

destructive force in motion, it was no more the peril insured against than a friction match in the pocket of an incendiary." (See also *Roe* v. *Columbus Ins. Co.*, 17 Mo. 301; *Montgomery* v. *Firemen's Ins. Co.*, 16 B. Mon. 427; *St. John* v. *The American Mut. Fire and Mar. Ins. Co.*, 11 N. Y. 516; *Ins. Co.* v. *Tweed*, 7 Wall. 44; 1 Wood on Ins. sec. 104; *Commercial Ins. Co.* v. *Robinson*, 64 Ill. 265; *Transatlantic Fire Ins. Co.* v. *Dorsey*, 56 Md. 70).

The determination of the question whether the loss is attributable to fire or to explosion will sometimes depend upon the further question, whether the fire is an incident to the explosion, or whether the explosion is an incident to the fire. The effects of explosion will be included in the loss occasioned by a precedent fire producing the explosion, if the fire is the direct and efficient cause of the loss and the explosion but the incident. A loss, other than by combustion, resulting from an explosion, when the explosion itself is caused by a destructive fire already in progress, comes within the general risk of a policy against fire only. It is not apprehended, that it makes any difference in the application of this principle, whether the fire operating as the principal cause of the loss, and to which an explosion occurring during its progress is a mere incident, originates in the building where the insured property is located, or out of it. (*Transatlantic Fire Ins. Co.* v. *Dorsey*, *supra;* *United Life, Fire and Mar. Ins. Co.* v. *Foote, supra;* *Briggs* v. *N. A. and M. Ins. Co., supra*). In *Briggs* v. *N. A. and M. Ins. Co., supra*, it was said by the N. Y. Court of Appeals: "The explosion here was the principal and the fire the incident. In such a case there can be no doubt that the defendant is not liable for the damage caused by the explosion. Where, however, the explosion is the incident and the fire the principal, a different question would be presented. Had the building been on fire, and, in the course of the general conflagration, there had been an explosion of a boiler, which injured some machinery that the fire was rapidly consuming, different views and considera-

tions might well obtain." In the case at bar, however, it cannot be said that the explosion causing the damage was an incident to a precedent fire, as the fire, which preceded the explosion, was nothing more than the flame of a lighted match.

There are some cases, which appear to hold an opposite view upon this subject from the view here expressed. But those cases will be found upon examination to grow out of losses under policies, which contain no clause exempting the companies from liability for loss by explosion. If the policy merely insures the property against fire generally, without making any exception of a loss by explosion, the flame of the lighted match or burning gas-jet may be such a fire as is embraced within the terms of the policy; and the loss resulting from an explosion caused by the contact of the lighted match or burning gas-jet with gun-powder or illuminating gas, or other explosive substance, may be covered by the policy. " The plaintiffs * * * insist that an explosion caused by fire is a fire, and therefore the defendant is liable for the explosion as for a fire. But that reasoning gives no force to the exception. * * * It may be conceded, that, in the absence of this exception, a recovery could have been had for the whole damage, as for a loss by fire. The authorities referred to by plaintiff's counsel tend to that result. * * * An explosion, without this exception, if it come under the general head of fire, might have afforded ground for recovery, but the defendant guarded against that result by this express stipulation." (*Briggs* v. *N. A. and M. Ins. Co., supra.*)

In *Scripture* v. *Lowell Mut. Fire Ins. Co.*, 10 Cushing, 356, a burning match was applied to a cask of gun-powder in the attic of plaintiff's house, the gun-powder took fire, exploded and blew off the roof of the house, and set fire to a bed and clothing and charred and stained some of the woodwork; there, the damage consisted in part of combustion and in part of explosion, and it was held that the whole damage was covered by a policy " against loss or damage by fire," but there was no

exemption in the policy there sued upon from loss by explosion. Nor was there any such exemption in the policies sued upon in the following cases referred to by counsel for appellant: *Hobbs* v. *Guardian*, 12 Can. Sup. Ct. 631 ; *Renshaw* v. *Missouri State Mut. Fire and Mar. Ins. Co.*, 103 Mo. 595 ; *Waters* v. *M. L. Ins. Co.*, 11 Pet. 213 ; *Renshaw* v. *Fireman's Ins. Co.*, 33 Mo. App. 394; *City Fire Ins. Co.* v. *Corlies*, 21 Wend. 367. While these cases hold that an explosion caused by the application of fire to an explosive substance comes within the terms of a policy which insures against fire, they do not hold that the loss thereby occasioned is a loss by fire only, and not a loss by explosion as well. As the policies there considered did not except losses by explosion, the question whether such losses resulted from fire or from explosion, or whether the one or the other was the proximate or remote cause of damage, did not arise and was not discussed. Where there is no exception of a loss by explosion, the fire producing the explosion is a cause of the loss so as to come within the meaning of the policy.

We think, that the loss in this case resulted from the explosion, and not from any fire which preceded or followed the explosion, and that it comes within the terms of the exemption clause above quoted. We are, therefore, of the opinion that the lower courts decided correctly in holding that the company was not liable.

The judgments of the Superior Court of Cook county and of the Appellate Court are accordingly affirmed.

*Judgment affirmed.*