HENRY BIRD, Plaintiff, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.

Second Department, November 30, 1917.

Insurance — fire insurance — liability for explosion incident to fire damaging canal boat — proximate cause — construction of insurance policy governed by intent of parties.

A fire insurance policy, insuring a canal boat against the adventures and perils of the sounds, harbors, bays, rivers, canals and fires, and applicable to navigation on inland waterways and harbors of the city of New York, which contains no exemption of liability for damages caused by explosion, covers damage to a canal boat, where a fire broke out in a railroad yard causing an explosion in another yard, which resulted in another explosion causing a concussion of the air, which damaged the boat lying about 1,000 feet distant.

The fire, under the circumstances, was the proximate or efficient cause of the loss.

In an insurance contract, as in all others, the test is the intent of the parties, as disclosed by the terms of the policy.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

On the night of July 30, 1916, a fire broke out in the Lehigh Valley Railroad Company's freight yards, under some freight cars loaded with munitions of war.   An explosion ensued which caused another fire in the yard, which resulted in another and terrific explosion of a large quantity of dynamite and other explosives stored in the yard, causing a concussion of the air which in turn damaged the plaintiff's canal boat lying about 1,000 feet distant, to the extent of $675.   No fire reached the boat.   The boat was insured by the defendant against the adventures and perils of the sounds, harbors, bays, rivers, canals and fires.   This action is brought to recover on said policy, and is submitted to the court on an agreed statement of facts.   The policy contained no exception of liability for damages caused by explosion.

*Nelson Zabriskie,* for the plaintiff.

*Pierre M. Brown,* for the defendant.

BLACKMAR, J.:

Even if a policy contains the usual exemptions from loss for damage by explosion of any kind, unless fire ensues, and in that event for damage by fire only, it is authoritatively decided in this State that, if the explosion was an incident to a fire insured against, the company is liable for all the loss, both that caused by the fire and the explosion.   (*Wheeler* v. *Phenix Ins. Co.,* 203 N. Y. 283.)   The rule that damage by explosion caused by fire is a loss by fire, was even before that case well settled.   So in *Waters* v. *Merchants' Louisville Ins. Co.* (11 Pet. 213) Justice STORY said (p. 225): "Some suggestion was made at the bar, whether the explosion, as stated in the pleas, was a loss by fire, or by explosion merely.   We are of opinion, that as the explosion was caused by fire, the latter was the proximate cause of the loss."   To the same effect is the well-considered and often-cited case of *Scripture* v. *Lowell Mutual Fire Ins. Co.* (10 Cush. 356).   (See, also,

*Renshaw* v. *Missouri State Mut. F. & M. Ins. Co.*, 103 Mo. 595; *Heuer* v. *North Western Nat. Ins. Co. of Milwaukee*, 144 Ill. 393.) Obviously these cases decided that fire was the " proximate " cause of the loss, although the cause nearest in point of time and place was the explosion. And it is interesting to note that the same principle has been applied to relieve the insurance company from liability. (*St. John* v. *American Mut. Fire & Marine Ins. Co.*, 11 N. Y. 516.) In that case the policy insuring against fire provided that the company would not be liable for any loss occasioned by the explosion of a steam boiler. Such a boiler exploded, causing a fire, and it was held that such fire fell within the exception in the policy and the company was not liable. To the same effect, on a different state of facts, is *Insurance Co.* v. *Boon* (95 U. S. 117).

The cases and books on insurance are full of the maxim " *in jure, non remota causa, sed proxima spectatur.*" This maxim will lead us astray unless we break loose from the notion so easily derived from the literal translation of the word " *proxima*," that it denotes the cause nearest in point of time or place. Lord Bacon's saying is often quoted: " It were infinite for the law to consider the causes of causes and their impulsions one of another; therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree." The word " immediate," denoting the causal relation without the intervention or mediation of an independent agency, is preferable to the word " proximate," which unduly suggests the relation in time or space. So the courts have written learnedly and at length to prove, that proximate cause is not the nearest in point of time or location, but the controlling or efficient cause. A fine example of such writing is the opinion of Mr. Justice Strong in *Insurance Co.* v. *Boon* (*supra*), in which he says (p. 130): " The question is not what cause was nearest in time or place to the catastrophe. That is not the meaning of the maxim *causa proxima, non remota spectatur.* The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation. The causes that are merely incidental or instruments of a superior or controlling agency are not the proximate causes and the responsible ones, though they may be nearer in time to the result." That

case furnished a good illustration of the recognition by the law of the dominant cause working through the impulsion of mediate incidental causes and maintaining its potency to the final effect. In that case the policy exempted loss by fire which may happen by means of any invasion, insurrection, riot or civil commotion; the loss was caused by a fire communicated from a fire set to the city hall by the Union forces during the Civil War to prevent supplies stored in it from falling into the hands of the Confederates, and it was held that the policy did not cover the loss.

The rule as to proximate causes as applied in insurance cases is the same as in other branches of the law. As an example of its application in criminal law, see *People* v. *Kane* (213 N. Y. 260). In action on the case, *Scott* v. *Shepherd* (2 Wm. Black. [2d ed.] 892); *Vandenburgh* v. *Truax* (4 Den. 464). (See, also, *Laidlaw* v. *Sage,* 158 N. Y. 73; *The G. R. Booth,* 171 U. S. 450; *Lynn Gas & Electric Co.* v. *Meriden Ins. Co.,* 158 Mass. 570.) In the last cited case a fire caused a short circuit in electric wiring, a consequent increase of the electric current, a higher power exerted on the fly wheel, a greater resistance to the machinery, a consequent destruction of a pulley, resulting in the destruction of the main shaft and rupture of succeeding pulleys to the jack pulley, and by reason of flying pieces of the jack pulley, the fly wheel destroyed and the machinery smashed. Through this long chain of circumstances, the original fire which set them in motion was held to be the proximate cause.

We cannot escape the conclusion that in the case at bar the fire was the proximate or, if that word be preferable, efficient cause of the loss. (*St. John* v. *American Mut. Fire & Marine Ins. Co.,* 11 N. Y. 516; *Waters* v. *Merchants' Louisville Ins. Co.,* 11 Pet. 213; *City Fire Ins. Co.* v. *Corlies,* 21 Wend. 367, and cases there cited.) If the fire had originated and the explosion occurred in the insured premises, there would be no doubt of liability under the doctrine of the cases above cited. To hold that there is no liability because the fire starts and the explosion occurs in premises other than those insured, is an arbitrary limitation of liability not justified by principle or authority.

It is true that there are cases which seemingly so hold. (*Everett* v. *London Assurance,* 19 Com. B. [N. S.] 126.) This

case would be a precedent opposed to the plaintiff's claim herein, except that it was not shown that a hostile fire was the cause of the explosion. In weighing this authority, it also deserves consideration that it has been held in England, contrary to the holding of the *Wheeler* case in the New York Court of Appeals, that an exception of damage caused by explosion covers an explosion caused by fire. (*Stanley* v. *Western Ins. Co.*, L. R. [1867–8] 3 Exch. 71.) A contrary conclusion was also reached by a divided court in *Caballero* v. *Home Mut. Ins. Co.*, 15 La. Ann. 217.) These cases are not only opposed by the authorities that I have cited, but, in principle, by cases holding that a fire policy without applicable exceptions covers loss by theft, water, smoke, and the fall of buildings without actual ignition. (*Witherell* v. *Maine Ins. Co.*, 49 Maine, 200; *Newmark* v. *Liverpool & London Fire & Life Ins. Co.*, 30 Mo. 160; *Tilton* v. *Hamilton Fire Ins. Co.*, 14 How. Pr. 363; *Case* v. *Hartford Fire Ins. Co.*, 13 Ill. 676; *Davis & Co.* v. *Insurance Co.*, 115 Mich. 382; *Russell* v. *German Fire Ins. Co.*, 100 Minn. 528; *Ermentrout* v. *Girard Fire & M. Ins. Co.*, 63 id. 305.)

The explosion clause is so generally included in all fire insurance policies that we have few guiding authorities in this State. An instructive decision of the Court of Appeals is *Hustace* v. *Phenix Ins. Co.* (175 N. Y. 292). In that case there was a violent explosion caused by fire, which damaged, by concussion of the air, the insured property fifty-seven feet distant and separate from the premises in which the explosion occurred. The decision was placed squarely upon the clause excepting loss by explosion, reaching this result by an elaborate course of reasoning which was unnecessary unless liability was recognized except for the exemption clause. In fact, the court said (at p. 302), commenting upon the case of *Briggs* v. *N. A. & M. Ins. Co.* (53 N. Y. 446): " So while it may be that but for the explosion clause we should feel constrained to follow those earlier decisions to which reference was made generally in the *Briggs* case, and hold defendant liable because a fire in another building was the cause of the explosion," etc. It is true that this was a *dictum*, but a *dictum* of the court of last resort should not be entirely disregarded. In the case before us the origin of the loss was a hostile fire, the explosion

was an incident to it and caused the damage, and, therefore, I think that in accordance with the trend of authorities it was a loss by fire within the meaning of the policy. In an insurance contract, as in all others, the test is the intent of the parties as disclosed by the terms of the policy. The policy in question, insuring against adventures and perils of the sounds, harbors, bays, rivers, canals and fires, and applicable to navigation on the inland lakes, rivers and canals of the State of New York and the harbors of the city of New York, formulated by the insurer and omitting the usual exemption of loss by explosion, should be construed against the insurer to cover all losses from the assigned perils which might reasonably be within the contemplation of the parties. Explosions caused by fires about the city near the water front are not unknown, and omission of the exemption clause leads to the conclusion that the policy was meant to insure against them.

Judgment should be directed for plaintiff for $575, with interest from November 29, 1916, and costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Judgment for plaintiff for $575, with interest from November 26 [29], 1916, and costs.