The demurrer is sustained and the bill dismissed.

---

### WASHBURN v. THE FARMERS' INS. CO.

*(Circuit Court, S. D. Ohio.  ———, 1880.)*

INSURANCE—EXPLOSION CAUSED BY FIRE—CONDITION IN POLICY.—The destruction of a building by an explosion caused by a fire is a loss by fire within the meaning of a provision in the policy of insurance providing that the company shall not be liable for any loss or damage caused by explosion of any kind, unless fire ensues, and then for the loss by fire only.

*Sage & Hinkle,* for plaintiff.

*Matthews, Ramsey & Matthews,* for defendant.

SWING, J., *(charging jury.)* This action is brought by the

plaintiff to recover from the defendant the sum of $2,100, the amount of a policy of insurance issued by the defendant to the plaintiff on the thirteenth day of February, 1878, upon his flouring mill, situated in Minneapolis, Minnesota, and the mill machinery, tools, implements and fixtures therein and attached thereto, insuring the plaintiff against loss and damages by fire to the extent of the amount named in said policy, $700 of which was placed upon the building, and $1,500 upon the machinery, tools, implements and fixtures.

The plaintiff alleges that other insurance to a large amount was placed upon the property; that on the second day of May, 1878, the said mill, machinery, tools, implements and fixtures were damaged by fire to an amount largely in excess of all the insurance upon the property; that on the twenty-fifth day of May, 1878, due notice and proof of loss was given and made to the defendant, according to the conditions and terms of the policy; and the plaintiff further avers that he has duly performed all the conditions of said policy upon his part, and prays judgment against the defendant for the sum of $2,100, with interest from the twenty-fourth day of July, 1878.

The defendant, by its answer, admits the issuing of the policy as alleged by the plaintiff, but denies that the property was injured or destroyed by fire within the meaning of the policy; but says that the injury thereto was caused by an explosion of some substance in said mill building, against which the policy did not insure the plaintiff.

By this policy of insurance the defendant, in consideration of $63, the premium paid it by the plaintiff, agreed to indemnify the plaintiff against loss and damage by fire to the property described therein, according to the terms and conditions of the policy, one of the conditions of which is "that the defendant shall not be liable for any loss or damage caused by explosion, including steam boilers, unless fire ensue, and then for the loss and damage by fire only."

It is admitted, by counsel for the defendant, that the property insured was damaged to an amount in excess of all the insurance thereon; and it is also admitted that due and

legal notice and proof of the loss were given and made, as required by the terms of the policy. It is admitted that at the time of the destruction of this property there was an explosion by which the entire structure was demolished. By the plaintiff it is claimed that the explosion was produced by a fire which existed prior thereto in the mill; and, therefore, the damage was produced by fire. By the defendant this is denied, and it is claimed that the damage was caused by the explosion.

There is, therefore, but one question of fact for you to ascertain under the law which I shall give you, and that is, by what cause was the damage to this property produced? The defendant, by its contract, agreed to indemnify the plaintiff against damage and loss by fire to the building and machinery of a flouring mill. Whatever may, therefore, be necessarily connected with the building and machinery, in their use in the manufacture of flour, or growing necessarily out of and resulting from such use, by which the property would be rendered more liable to fire than ordinary property, must be held to have been in the contemplation of the defendant at the time of the issuing of the policy, and it must be held to have been contracted in reference thereto; and, if the damage to the property was produced by fire, it must be liable therefor.

In law the cause to which the result must be attributed is not the cause nearest the result, but it is that cause which sets the other causes in operation. In the language of Justice Strong in *Ins. Co.* v. *Boon*, 95 U. S. 130: "The proximate cause is the efficient cause—the one that necessarily sets the other causes in operation. The causes that are merely accidental, or instruments of a superior or controlling agency, are not the proximate causes, and the responsible ones, though they may be nearest in time to the result. It is only when the causes are independent of each other that the nearest is, of course, to be charged with the disaster." The rule of law announced in the foregoing case, by the learned justice, is clearly applicable to the present case.

If, therefore, the evidence satisfies your minds that there

existed a fire in this mill, and the fire produced an explosion, the fire would be the proximate cause. Although the explosion thus produced may have contributed in a large degree to the destruction of the property, it would nevertheless be a loss by fire, within the meaning of the policy, and the defendant will be liable to the plaintiff for such loss. But if there was no fire, and an explosion from some other cause than fire occurred, by which the property was damaged, it would not be a loss by fire, within the terms of the policy, and the defendant would not be liable for such loss.

The plaintiff must satisfy your minds, by a preponderance, that a fire existed which produced the explosion. If he has done so he is entitled to your verdict. If he has failed to do so your verdict will be in favor of the defendant.

Verdict for the plaintiff.