Augusta T. Vorse, Appellee, v. The Jersey Plate Glass Insurance Company, Appellant.

**Accident Insurance:** DAMAGE TO PLATE GLASS: EXPLOSION: POLICY CONSTRUED. A policy of insurance provided that the company should not be liable for any loss caused by "blowing up of buildings." Plate glass was broken by the explosion of gas generated from gasoline in use in the building; *held*, the damage was not the result of "blowing up of a building" within the meaning of the policy.

**Policies:** CONSTRUCTION OF. Policies of insurance should not be technically construed to defeat their purpose.

**Same:** DAMAGE BY FIRE. The policy also provided that the company should not be liable for damage by fire; the explosion of gas producing the damage was caused by "a match or light in the room" prior to the fire in the building; *held*, the damage was not the result of fire within the meaning of the policy.

*Appeal from Polk District Court.*—Hon. Chas. A. Bishop, Judge.

TUESDAY, FEBRUARY 10, 1903.

Action at law upon a policy of insurance. Trial to the court, without a jury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Mc Vey, Mc Vey & Graham* for appellant.

*Edward Davis* and *C. C. & C. L. Nourse* for appellee.

Deemer, J.—The action is on a policy insuring plaintiff against loss or damage by breakage, through accident, of certain plate glass in a building owned by her in the city of Des Moines. The policy contained these, among other, stipulations: "This company is not liable to make good any loss or damage which may happen by or in consequence of any fire, * * * and is not liable for any loss or damage to glass caused by the blowing up of buildings." During the life of the policy the insured property was broken and destroyed, and the cause thereof, according to the agreed statement of facts on which the case was tried, was as follows: "Third. That the cause of said breakage and destruction in said west storeroom was the explosion of gas generating from gasoline being used in the rear of said room for the purpose of cleaning clothes, which gas was ignited by a match or light in the room, and said explosion was not caused willfully or by intention on the part of this plaintiff or her tenant; that the said breakage and destruction of the glass and explosion in said west room occurred prior to the fire in said building. Fourth. That on the same day other plate glass in the said building was broken and destroyed as set out in count two of plaintiff's petition as amended and substituted; that said glass was broken by firemen intentionally, and in order to gain access to the building for the purpose of extinguishing a fire which was then burning in the said storeroom; that the doors were fastened, and it was necessary to break in the front of the building for

the purpose of gaining admission to put out the fire."
During the trial the plaintiff withdrew the second count
of her petition; hence we have nothing to consider but the
statements above made as to how the damage occurred.

I.   Defendant contends that the damage was caused
by the "blowing up" of the building.   These words should
be given their ordinary signification, in arriving at the

1. DAMAGES
to plate
glass: ex-
plosion: pol-
icy construed.
intent of the parties; and we think, when
defined in this light, and applied to the agreed
facts which we have quoted, that it does not
sufficiently appear that the building was blown up.   Or-
dinarily the term means to scatter or destroy by an
explosion of some kind.   When we speak of a building as
having been blown up, we ordinarily intend to convey
the notion that its constituent parts have been scattered,
and the integrity of the structure destroyed.   This is evi-
dently what is meant by the terms employed in the policy
now before us.   In any event, the policy, if susceptible of
two constructions, should be given that one which is most
favorable to the insured.   *Collins v. Insurance Co.*, 95
Iowa, 540; *Goodwin v. Association*, 97 Iowa, 226.   With
this rule in mind, we have no difficulty in arriving at the
conclusion that the breakage was not due to the blowing
up of the building.   See, as supporting these conclusions,
*Breuner v. Insurance Co.*, 51 Cal. 101 (21 Am. Rep. 703).

II.   The next contention made by defendant is much
more difficult of satisfactory solution.   It is argued that
the damage to the glass happened by, or was in conse-
quence of fire.   The real point made is that the explosion
was due to, or was in consequence of fire, if not fire itself.
The term "explosion" has no fixed and definite meaning
either in ordinary speech or in law.   It may be described,
in a general way, as sudden and rapid combustion, causing
violent expansion of the air, and accompanied by a report.
It may and does vary in degrees of intensity and in the
vehemence of the report, and it is not always due to the

presence of fire.    Indeed, it may result from decomposition
or chemical action.    In the case before us, it was undoubt-
edly caused by fire, or as stated in the agreed statement of
facts "by a match or light in the room" which transformed
the gasoline gas into heat which was propagated from one
particle of air to another and finally against the glass, the
shock of which caused the breakage complained of.    The
stipulation says that the breakage and explosion occurred
prior to the fire in the building which we assume means
that the glass was broken before any part of the structure
or of the goods stored therein were ignited for it is clear
that there must have been a match or light in the room
which caused the explosion.    Did the breakage then hap-
pen by or was it in consequence of any fire?

The question is a nice one and by no means free from
doubt; but we are inclined to the view that the loss
did not happen by nor was it in consequence of any fire as
those terms are used in the policy in suit.    Of course but
for the lighted match or other light in the room the explo-
sion would not have happened and the explosion itself was
due to rapid combustion.    But in ordinary parlance the
damage was due to the explosion or to the concussion pro-
duced thereby or as said in the agreed statement of facts
the explosion and breakage occurred prior to the fire in
the building.    The lighted match or other light in the
building was not contemplated by the parties as the fire
which was excepted by the terms of the policy.    It was
not a destructive fire against the immediate effects of
which the condition in the policy was intended as a pro-
tection. It was, it is true, the possible means of putting the
destructive force in motion but was not the excepted peril.
Had there been no fire after the explosion it seems to us
it could not fairly be claimed that the damage done the
glass was due to or in consequence of any fire.    The im-
mediate cause of the breakage was concussion produced
by the ignition of gas it is true; but that such an effect

was due to or in consequence of fire as that term is ordinarily used or as the parties intended it in this case is hardly supposable.   In Wood on Insurance vol. 1 (2d Ed.) p. 245 it is said: "Where, however, t..e explosion is caused by fire the damage must be traceable directly to the fire as the proximate cause and not merely as the result of the explosion.    The fire must be shown to be the *causa proxima* and not the *causa remota*.   If the injury is entirely due to concussion, the fact that it was caused by fire does not make the fire the proximate cause but the cause of the cause and consequently the *causa remota* instead of the *causa proxima*.    'It were infinite for the law,' says Lord Bacon 'to consider the causes of the causes, and their impulsion one of another.    Therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree.'    'If it were not so,' said Byles, J., 'and a ship was in the neighborhood of Etna or Vesuvius, and was violently shaken by an eruption, that would be damage by fire; or if a gun were fired off, loaded with small shot, among crockery, that would be damaged by fire; or it might be said that, if the heat of the sun was too great, that would be damage by fire.' "

Policies of insurance should not have a technical construction for the purpose of defeating the insured.   He has nothing to do with the wording of the policy, and must 2. CONSTRUC-  accept it as tendered.   Hence the rule of TION of policies.   construction hitherto quoted.    Indeed, we think language such as that on which defendant relies should be given its ordinary and common signification, and not its scientific and technical meaning.    The insured went to the company for a policy of insurance on the plate glass in her building, and received a policy providing indemnity for breakage not caused by, nor in consequence of any fire. She had the right to assume that the policy covered damage by an explosion, such as the one in question, and was

not called upon to go to some scientist for a technical definition of fire.    After all, the question is, what would an ordinary man understand from the use of the term?' Would such a person, having no technical information on the subject, understand that a gasoline explosion, caused by a lighted match, was a fire, in the absence of proof that something aside from the gas was ignited?    We think not. At any rate, the trial judge was authorized to find the negative of this proposition.    We cannot too strongly emphasize the thought that the match or other light referred to in the agreed statement of facts was not a fire,

3. SAME: damage by fire. within the meaning of the condition of the policy now under consideration.    See *United Life Co. v. Foote*, 22 Ohio St., 340 (10 Am. Rep. 735); *Transatl. Ass'n. v. Dorsey*, 56 Md. 70 (40 Am. Rep. 403); *Briggs v. Ins. Co.*, 53 N. Y. 446.

If, then, the lighted match, or other fire which caused the explosion, was not a fire; within the condition of the policy, and there was no ignition of the building, or of the goods stored therein, which caused the breakage, but all damage was done before the fire was started, as stated in the agreed statement of facts, then it is clear that plaintiff had a right to recover, and that the district court was correct in its holding.    The parties themselves have distinguished the explosion from the fire in their agreed statements of facts, from which we have quoted.    Giving the language used in the policy its ordinary signification, and applying it to the agreed statement of facts, we think the damage did not happen by, nor in consequence of any fire.    See, as further supporting our conclusions, *Everett v. London Assurance Co.*, 19 C. B. (N. S.) 126; *Mitchell v. Ins. Co.*, 22 Sup. Ct. Rep. 42 (46 L. Ed. 74); *Kenniston v. Ins. Co.*, 14 N. H. 341 (40 Am. Dec. 193); *Dows v. Ins. Co.*, 127 Mass. 346; *Millaudon v. Ins. Co.*, 4 La. Ann. 15 (50 Am. Dec. 550); *Transatl. Co. v. Dorsey*, 56 Md. 79 (40 Am. Rep. 403); *Louisville Underwriters v. Durland*, 123

Ind. 544 (24 N. E. Rep. 221, 7 L. R. A. 399); *Boatman v. Insurance Co.*, 23 Ohio St. 85 (13 Am. Rep. 228); *Commercial Co. v. Robinson*, 64 Ill. 265 (16 Am. Rep. 557); *Caballero v. Ins. Co.*, 15 La. Ann. 217.

We must take notice, it is said in argument, of the fact that the condition in the policy in suit exempting the company from liability for fire was for the purpose of avoiding double insurance, and that, if the property was destroyed by fire, it was covered by the fire policy on the building, of which the plate glass was a part. Conceding the rule, the conclusion by no means follows. If we are to consider these matters, we are also justified in assuming that the fire policy, if there was one, on the property, contained the usual stipulation exempting the company from liability for losses occasioned by explosions. It is well known that policies of insurance usually contain such exceptions. See standard forms in the states of Michigan, Minnesota, New Jersey, North Dakota, Pennsylvania, Wisconsin, Massachusetts, and New Hampshire, as set forth in the appendix to Clement, Fire Insurance Digest; also at page eight of table of contents. With such an exception in a fire policy, it is manifest that it would not cover such a loss as happened in this case.

Keeping in mind the fact that the language of a policy of insurance is to be given its ordinary and popular signification, rather than its technical meaning, and that, when capable of two constructions, it is to be given that which is most favorable to the insured, we reach the satisfactory conclusion that, under the agreed statement of facts in this case, the defendant is liable for the breakage. The judgment is therefore AFFIRMED.