WAUSAU TELEPHONE COMPANY, Respondent, vs. UNITED FIREMEN'S INSURANCE COMPANY and others, Appellants.

*December 13, 1904—January 10, 1905.*

*Fire insurance: Standard policy: Additions to terms of policy: Electricity.*

The Wisconsin standard fire policy, which is also a statute, provides in sec. 1941—43, Stats. 1898, that the insurance company "does insure . . . against *all* direct loss or damage by fire except as hereinafter provided." Such policy and statute, in secs. 1941—47, 1941—49, contain certain exceptions to the liability of the insurer, including lightning, but provide that liability for direct damage by lightning may be assumed "by specific agreement hereon." Such policy and statute prohibit (sec. 1941—64) the making or attaching of any additional provision, agreement, condition, or clause as part of the policy, except, among other things, "printed or written forms of description and specification or schedules of the property covered by any particular policy, and any other matter necessary to clearly express all the facts and conditions of insurance on any particular risk (which facts and conditions shall in no case be inconsistent with or a waiver of any of the provisions or conditions of the standard policy herein provided for)." *Held*, that a clause, in addition to the clauses of the standard policy: "This insurance does not cover any loss or damage to property caused by electric current, whether artificial or natural," cannot be added to such policy.

APPEALS from judgments of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

For the respondent there was a brief by *Ryan, Hurley & Jones* and *Neal Brown,* and oral argument by *T. C. Ryan.*

WINSLOW, J. This is an action against four insurance companies upon as many standard policies to recover for the destruction by fire of the plaintiff's switchboard in its tele-

phone exchange at Wausau.      Each policy contained this clause in addition to the clauses of the standard policy:

·"This insurance does not cover any loss or damage to property caused by electric current, whether artificial or natural."

There was no dispute as to the origin of the fire or the amount of the loss. A wire conveying an electric light current became crossed with one of the plaintiff's telephone wires at a point half a mile distant from the exchange, and the electric light current was carried into the exchange, setting fire to the insulating wrappers and the wooden frame of the switch board, thus causing the loss by fire. Trial by jury was waived, and the court, after trial, held that the clause above quoted did not except loss by fire even though caused by an electric current, and rendered judgment for the plaintiff, and the defendants appeal.

The sole question is as to the correctness of this ruling, and upon this question we think the trial court was right. The main purpose of fire insurance, at least so far as the insured is concerned, is to protect against damage resulting from fire. The standard policy, which is also a statute, provides in its opening clause that the insurance company "does insure . . . against *all* direct loss or damage by fire except as hereinafter provided." Sec. 1941—43, Stats. 1898. A subsequent clause (section 1941—47) contains the exceptions as follows:

"This company shall not be liable for loss caused directly or indirectly, by invasion, commotion, riot, insurrection, civil war, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensue, and in that event for the damage by fire only) by explosion of any kind or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon."

Sec. 1941—49 contains further exceptions as to specific kinds of property which are not to be deemed covered by the policy unless specifically named, which, however, are not relevant here. A subsequent clause (sec. 1941—64) also prohibits the making or attaching of any additional provision, agreement, condition, or clause as a part of the policy, except, among other things, "printed or written forms of description and specification or schedules of the property covered by any particular policy, and any other matter necessary to clearly express all the facts and conditions of insurance on any particular risk (which facts and conditions shall in no case be inconsistent with or a waiver of any of the provisions or conditions of the standard policy herein provided for)." Taking these clauses together, it would seem to follow that an exception covering a fire loss caused by an electric current cannot be added to the policy, because the policy specifically contains its own exceptions, and forbids any additional conditions inconsistent therewith. So far as a fire resulting from a natural current of electricity is concerned (i. e., lightning), this is beyond dispute, for the policy expressly makes the insurer liable for this. If it were to be conceded that a fire resulting from an artificial current could be excepted, we should still be of the opinion that the exception in these policies should not be held to refer to the loss by fire. The undoubted purpose of the policy being to indemnify against loss by fire, an exception to liability for such a loss should be plainly expressed. If this clause should be construed as covering all loss by fire resulting from electric current, either natural or artificial, it certainly is directly contrary to the standard policy as to the loss by fire resulting from lightning, and we should have the strange situation of an exception, which, on defendant's theory, includes fire caused by an artificial current and excludes fire caused by a natural current, though both exceptions are created by the same words. Such a con-

struction would be almost, if not quite, ridiculous. These considerations make any further discussion of the case unnecessary.

*By the Court.*—Judgments affirmed.