## F. C. FURBUSH, Appellee, v. CONSOLIDATED PATRONS' OF THE FARMERS MUTUAL INSURANCE COMPANY Appellant.

**Insurance:** ASSIGNMENT OF POLICY: FORFEITURE: WAIVER. Where the
1 owner of an insured building has notified the company of a transfer of the property, and obtained permission and the approval of its secretary to an assignment of the policy to the vendee, there is a waiver of further compliance with the rules of the company regarding assignments, and the company cannot insist upon a forfeiture because its secretary had failed to enter the transfer upon its books.

**Same:** INCREASED HAZARD. Where the insured informed the secre-
2 tary of the company that he was going to put in an .acetylene gas plant in his house, in process of construction, and was informed that it would make no difference with the insurance, and relying upon such statement put the plant in according to his original plan, and it was in the house at the time of a sale of the property to the secretary's knowledge at the time he consented to an · assignment of the policy, the company was thereafter estopped to claim the policy void because of an increased hazard on account of the plant.

**Insurance:** FIRE DEFINED: EXPLOSION OF GAS. A fire may be either
3 by slow or rapid combustion, and where it results from an explosion of acetylene gas it is a fire within the meaning of a policy stipulating for indemnity against loss by fire, there being no exception of explosives.

*Appeal from Buchanan District Court.*—HON. FRANKLIN C. PLATT, Judge.

SATURDAY, NOVEMBER 21, 1908.

SUIT in equity upon a policy of fire insurance. Defendant denied liability to plaintiff, who is an assignee of the policy, pleaded that the loss was not due to fire; increase of hazard, and violation of the by-laws of the

company.  Trial to the court.  Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*E. E. Hasner,* for appellant.

*Springer & Smith* and *H. C. Chappell,* for appellee.

Deemer, J.—Defendant is a farmers' mutual fire insurance company, organized under the provisions of sections 1759-1767, chapter 5, title 9, of the Code, and as such it issued the policy in suit, August 18, 1902, to one C. W. Bland covering a frame farm dwelling with porches, etc.  The premises upon which the dwelling stood were sold by Bland to plaintiff some time in the year 1905, and on March 11th Bland made the following indorsement on the back of the policy: "Dated March 11, 1905.  Secretary Buchanan County Mutual Fire Insurance Company—Sir:  I hereby transfer the within policy to F. C. Furbush.  I am, sir, yours, C. W. Bland."  The property insured was destroyed in the manner hereinafter stated, on or about March 18, 1905, and on April 1st of that year the secretary of the company wrote under the assignment the following: "Approved April 1, 1905.  Wm. Decker, Secy."  One of defendant's by-laws reads as follows: "In case of transfer of property, the policy of insurance may be transferred with the property sold, if the parties so desire.  In all cases this shall be done in writing, and the party purchasing assuming all the privileges, duties and responsibilities of the retiring member, and the secretary shall enter the transaction on the books of the company."  March 7, 1905, Bland wrote the company as follows: "Walker, Iowa.  Mr. Decker—Dear Sir:  I have sold my farm to F. C. Furbush.  He wants me to transfer my insurance to him.  Will it be all right?  If so, transfer it to him.  Yours truly, C. W. Bland.  P. S.  Please answer and oblige."  To this

the secretary responded as follows: "Independence, Iowa, March 10, 1905. C. W. Bland, Walker, Iowa.—Dear Sir: Mr. Furbush was here, and understood that you would transfer the insurance to him. It will be all right. Mutually yours, William Decker." The assignment itself was never presented to the defendant company, and its books did not show a transfer to plaintiff. After proofs of loss were made, defendant refused to pay because the policy had not been transferred to plaintiff, because he had no permit to establish a gas plant, and because his loss was due to an explosion, and not to fire. Section 9 of defendant's by-laws reads as follows: "If now, or hereafter, there may be other insurance on any property hereby insured; or if the premises described in this policy be or become vacant, unoccupied or uninhabited for more than ten consecutive days; or if the risk be increased by any means within the knowledge of the assured; or if interest of the assured be or become other than the entire, unconditional and sole ownership of the property; or if this policy be assigned, then and in every such case, this policy shall be void unless otherwise provided by agreement and indorsed hereon by the secretary of the company. Provided, however, that no permit shall be given for a building to remain vacant for a longer period than thirty days."

It appears from the testimony that in November, 1902, Bland put an acetylene gas plant in his house, and that the house was injured or destroyed by reason of the escape of gas from this plant either into the cellar or a room, or rooms, of the house. The testimony as to the manner of the loss is briefly as follows: On the evening of March 18, 1905, two of plaintiff's children went into the cellar of the house to fill the generating machine with water and carbide. They had no light with them, but there was a light burning in one of the rooms on the first floor. About the time the generator was filled plaintiff's

wife, who was on the first floor with some of her children, smelled gas, and one of the children struck a match for the purpose of lighting a lamp to take some of the other children to bed.   As she lighted the match, there was a flash of light all over the house, then a report, and almost immediately the plastering began to fall.   The hired man opened an outside door as the flash came, and this seemed to light up the "whole out of doors."   The flames ran into the cellar, and immediately after the explosion some of the furniture was found to be on fire, as also were the studdings and rafters, but these fires were extinguished. It is shown by the testimony that gas generated by carbide will not explode save as it is ignited by fire.   In other words, that it does not explode from chemical action.   Defendant contends that the establishment of the acetylene plant increased the hazard; that this was not assented to by it; that the loss was due to an explosion, and not to fire; and that it was not covered by the policy.   The policy indemnifies against loss or damage by fire, and there are no exceptions contained thereon.

I.   There can be no doubt under the testimony that the provisions of the by-laws with reference to the assignment of the policy, and to the increase of hazard after the policy was issued, were not strictly complied with, but plaintiff relies upon a waiver of these provisions.   Defendant contends

1. INSURANCE: assignment of policy: forfeiture: waiver.

that there can not be a waiver by an agent or officer of the company, for the reason that its character is such that waiver is not permissible; and its counsel cites *Brewer v. Chelsea Co.,* 14 Gray (Mass.) 203, in support of the contention.   This proposition even if adopted by us, would not be controlling here, for the reason that the company itself through its by-laws provided for assignments of its policies and for increases of hazard, and the only limitations were upon the methods whereby these might be accomplished.   Going now to the matter of the assignment

of the policy, the testimony shows, in addition to the facts already recited, that when Bland sold his property to plaintiff he, or some one on his behalf, telephoned that fact to defendant's secretary, and notified him that the policy of insurance would be assigned. He also asked if the transfer would stand, and was informed that it would, but that plaintiff should hand in or send the policy back after he (plaintiff) had returned from a trip he was about to make to Illinois. Plaintiff also went to the secretary's office, and was told the same thing. Then followed the correspondence already recited. On April 1st, but after the loss, it is true, plaintiff took the policy to the defendant's secretary, and he, the secretary, made the approval indorsement thereon. It also appears that on February 21, 1905, defendant's secretary, after being informed of the transfer, wrote on Bland's application for insurance the following: "Notice of transfer to Frank C. Furbush February 21, 1905." It thus appears that both plaintiff and Bland did all they could with reference to the assignment, and that defendant's secretary wrote, saying this was all right. Notice of the transfer was written upon the original application, and finally an approval was indorsed upon the policy itself. There was nothing more which either Bland or plaintiff could do; and, as the indorsement upon the books of the company was to be made by the secretary, and for its benefit, plaintiff should not be defeated by the failure of that officer to perform his duty. There was a waiver of the requirement in any event, even were the assignment not in the exact form required by the by-laws.

As to the increase of hazard, the testimony shows that when the insurance was written, Bland was building his house; that he informed defendant's secretary that
2. SAME: increased hazard. he was going to put an acetylene plant in the house, and asked him if it would make any difference as to his insurance. The secretary informed

him that it would not, and so he put in his house as he had originally contemplated doing. Bland contemplated putting in this plant when he took out his policy, and it was put in according to the original plan, being installed within three months from the time the policy was written. It was in the house when defendant consented to the assignment of the policy, and this was known to defendant's secretary. Plaintiff believed the assignment of the policy to him was valid, and defendant knew of facts avoiding the same when it consented to the assignment, and, instead of informing plaintiff that the policy was not good because of the installment of the gas plant, led plaintiff to believe that it was good, and thus prevented him from taking out other insurance. In these circumstances there was. a clear waiver. of any breach of conditions, and an estoppel on the part of the company to plead this in defense to an action on the policy. *Ellis v. Ins. Co.,* 64 Iowa, 507; *Continental Ins. Co. v. Munns,* 120 Ind. 33; *Bullmann v. Ins. Co.,* 159 Mass. 122. Moreover, the testimony as to increase of hazard is very unsatisfactory, and the trial court might well have found that no increase of hazard had been established.

II. The principal point in the case is that the loss was not occasioned by fire, but was due to an explosion which was not covered by the policy. The policy contains

3. Insurance: fire defined: explosion of gas.

no exceptions whatever as did the one in *Vorse v. Glass Co.,* 119 Iowa, 555, and other like cases relied upon by appellant. A fire may be both a burning by slow, and a burning by rapid, combustion, and if the insurance company makes no distinction between them in its policy, either is covered by a stipulation for indemnity for loss by fire. This is the distinguishing feature between this and the *Vorse* case, and is the one generally recognized by the authorities. *Briggs v. Ins. Co.,* 53 N. Y. 446; *Renshaw v. Ins. Co.,* 103 Mo. 595 (15 S. W. 945, 23 Am. St. Rep. 904);

*Wausau Co. v. Ins. Co.,* 123 Wis. 535 (101 N. W. 1101); See, also, *Heuer v. Ins. Co.,* 144 Ill. 393 (33 N. E. 411, 19 L. R. A. 594); *Mitchell v. Ins. Co.,* 183 U. S. 42 (22 Sup. Ct. 22, 46 L. Ed. 74); *Scripture v. Ins. Co.,* 10 Cush. (Mass.) 356 (57 Am. Dec. 111). That an explosion such as occurred in this case is a fire within the meaning of the policy in suit is well sustained by the authorities already cited, and no case has been called to our attention holding otherwise, save where there is a clause in the policy absolving the company from liability for explosions. In such cases fire and explosion are differentiated, and in such instances it is manifest that an explosion and a fire can not mean the same thing. In view of our discussion of this matter in the *Vorse* case, and of what is said in the cases above cited, nothing would be gained from further amplification of the matter. The damage in this case was clearly occasioned by fire, although the building was not consumed thereby. The explosion was not due to chemical action, but to fire, and we think the loss or damage was by fire within the meaning of the policy in suit.

The decree of the district court is right. and it is *affirmed.*