J. E. STEPHENS, Respondent, v. THE FIRE ASSOCIATION OF PHILADELPHIA, Appellant.

**Springfield Court of Appeals, December 6, 1909.**

1. PLEADING: Burden of Proof. Where the burden of proof lies upon one party it cannot be thrown upon the other party by the form of the pleading.

2. INSURANCE: Evidence: Burden of Proof in Actions on Policies. In actions on fire insurance policies the rule as to the burden of proof is the same as on accident insurance policies. The burden is on the insured to show the execution of the policy and the general compliance with its conditions, together with the loss and the amount thereof, but the burden is on the insurer to prove that the loss, or a part thereof, is within any of the exceptions stated in the policy.

3. ———: ———: Burden on Insurer to Show Explosion Preceded Fire. In an action on a fire insurance policy which contained a clause exempting the insurer from liability for loss caused by an explosion, the burden is on the insurer to show that the explosion preceded the fire.

4. ———: ———: Sufficiency of Evidence Showing Cause of Damage. In an action on a fire insurance policy where the defense, based on an exception in the policy, is that the damage was caused by an explosion which preceded the fire, the burden being upon the defendant to prove this by a preponderance of the evidence, and the facts and circumstances in evidence can be explained on the theory either that the fire preceded the explosion or the explosion preceded the fire, the findings of the trial court, sitting as a jury, being against defendant's contention, will not be disturbed by the appellate court.

5. **FIRE INSURANCE: Exception as to Explosion.** Where a fire insurance policy contains a clause exempting the insurer from liability for loss caused by an explosion, and an explosion occurs from the innocent ignition of the explosive substance by a lighted match or other combustions known as innocent fires such an explosion is covered by the exception in the policy.

6. **EVIDENCE: Sufficiency of Circumstances to Prove Fact.** When the proof of a fact depends upon circumstantial evidence, the circumstances must form a connecting chain pointing to a single conclusion.

7. **APPELLATE PRACTICE: Indiscreet Remarks of Trial Judge.** Where the remarks of a trial judge, sitting as a jury, may be considered indiscreet and calculated to shake the confidence of the litigant in the impartiality of the court, yet they cannot be made the grounds for the reversal of the case where the judgment is for the right party.

8. ——: **Finding of Facts: Court Sitting as Jury.** Where a jury is waived and the trial judge sits as the jury he is substituted to the same legal attributes that would have vested in the jury and the appellate court cannot interfere with his finding of the facts, unless it appears that there is no substantial evidence to support the judgment.

9. ——: **Matters Occurring After Judgment: Untimely Defense.** In action on a fire insurance policy, the appellant will not be permitted to show, on appeal, that subsequent to the judgment, the respondent brought a suit against another party in which he took a position inconsistent with his claim in the first suit with reference to the cause of the explosion. Such a defense held untimely and foreign to the record.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

AFFIRMED.

*Fyke & Snider* and *Clay & Davis* for appellant.

(1) Defendant's demurrer at the close of plaintiff's case should have been sustained. There is no evidence tending to show the explosion which caused the damage complained of was caused and preceded by the fire. Home Lodge Assn. v. Insurance Co., 110 N. W. 778; Biggs v. Insurance Co., 53 N. Y. 446. (2) The

evidence fails to show the amount of damage sustained, as the result of fire, if any, and the amount of damage caused by explosion and from the evidence it was impossible to determine that fact and the verdict is not based upon any evidence showing an amount of fire damage. Insurance Co. v. Hyman, 94 Pac. 27. (3) The judgment should be reversed because the evidence shows, what little fire there was in plaintiff's apartment, if any, was preceded by an explosion not caused by a fire then existing, and that said explosion occasioned whatever damage was sustained. Hener v. Insurance Co., 19 L. R. A. 594 (Ill.); Biggs v. Insurance Co., 53 N. Y. 446; Miller v. Insurance Co., 41 Ill. App. 395; Wood on Fire Insurance, sec. 104.

*McIndoe & Thurman* for respondent.

(1) First, there is ample evidence to show that the fire preceded the explosion and that the damages was in consequence of fire. Under the policy if the fire precedes the explosion the defendant is liable. 1 Wood on Fire Insurance (2 Ed.), sec. 104; May on Fire Insurance (2 Ed.), sec. 114; Scripture v. Insurance Co., 10 Cush. (Mass.) 356; LaForce v. Insurance Co., 43 Mo. App. 527; Washburn v. Insurance Co., 2 Fed. Rep. 633; Renshow v. Insurance Co., 103 Mo. 595; 33 Mo. App. 606; Cohen v. Insurance Co., 96 Mo. App. 315; see notes to 29 L. R. A. 597. (2) When evidence is conflicting findings of the trial court will not be disturbed. Sparks v. Jasper Co., — S. W. 207; Everman v. Eggers, 106 Mo. App. 732. (3) Courts cannot take judicial knowledge that gas will explode without an intervening agency. McGahn v. Ind. Gas Co., 29 L. R. A. 656.

NIXON, P. J.—This is an action on a fire insurance policy. The petition alleges that the property insured was household furniture on the first floor just above the basement of what is known as the Olivia apartment house, on the corner of Fourth and Moffett streets in

Joplin, Missouri, which furniture was damaged and destroyed by a fire and an explosion on January 12, 1908, at about five o'clock in the morning. The basement underneath this apartment was used for lockers and storage for tenants in the building, and it was in this basement that the fire and explosion occurred by which the contents of the building were badly wrecked and damaged, including household goods and other personal property alleged to have been worth, at a sound value, from four to five thousand dollars. The amount of the policy issued by the defendant company was one thousand dollars and plaintiff recovered judgment for that amount in the trial court.

In its answer to the petition, the defendant insurance company set up, among other things, a clause in the policy to the effect that "this company shall not be liable for loss caused by explosion of any kind unless fire ensues, and in that event for the damage by fire only."

The case was tried by both parties—evidence introduced and instructions given—upon the same theory—that if the fire preceded the explosion, and the explosion was an incident of the fire and was caused by it, the insured could recover the fire damage only. The evidence tended to show—and the fact was practically admitted by both litigants—that a severe explosion happened in the building, with probabilities that it occurred from natural gas in the basement directly under the apartment occupied by the plaintiff. The plaintiff offered no evidence tending to separate the damage done by the explosion from that done by the fire, and his recovery, so far as shown, is a general damage caused both by the explosion and the fire. The evidence clearly shows that a portion of the damage suffered resulted from the explosion, so that in this case, the defendant is not liable for any explosion damage unless the explosion occasioning such damage was preceded by a fire which caused it. The contested point in this case

is, therefore, one of evidence—whether the explosion which wrecked and damaged the plaintiff's furniture was preceded by a fire which caused it; for if it was not preceded by a fire, then the defendant is not liable for any damage, as the plaintiff offered no evidence of the amount of his damage done by fire subsequent to the explosion and there would be nothing upon which to base a verdict against the defendant.

At the very threshold of this investigation, the most important question to determine is—upon whom rests the burden of proof and the burden of evidence? The petition of the plaintiff alleges, among other things, that the injuries to the plaintiff's property were caused by a fire, and that "said goods so insured were destroyed, injured and damaged on account of said fire and water and in consequence thereof *which did not happen from any of the causes excepted in said policy.*" The appellant in the presentation and argument of this case proceeds upon the theory that by this allegation of the petition, the respondent undertook and was bound to show that the fire preceded the explosion. Such claim is made on account of this peculiar language just quoted from the plaintiff's petition. This is an erroneous construction of the law in reference to the burden of proof, and proceeds upon the mistaken theory that the form of pleading governs as to the burden of proof, and that by changing the form of the pleading, the burden of proof can be shifted. Such is not the law. "Where the burden of proof lies upon one party, it cannot be thrown upon the other party by the form of the pleading." [State v. Melton, 8 Mo. 417.]

The court, in giving its instructions at the conclusion of the trial of this case, made its declaration of law that the burden of proving that the fire preceded the explosion was upon the plaintiff, and gave the following instruction at the instance of the defendant: "The court declares as a matter of law that in order to render defendant liable under its policy for damage

which may have been done to plaintiff's property by explosion plaintiff must show, and the burden is upon plaintiff to show that said explosion was caused by a fire burning at the time of or before such explosion." Now the appellate court, in the consideration of the weight and sufficiency of the evidence in this case, is not bound by the declarations of law of the trial court as to the burden of proof if such declarations are not a true expression of the law.

The argument of the appellant as to who should bear the burden of proof in showing whether the fire preceded the explosion or the explosion preceded the fire was that the burden of proof was upon the plaintiff to show that the fire preceded and caused the explosion. His argument was to the effect that if the fact of an explosion has once been established, the defendant is not liable for its damage unless it was preceded by a fire, and that there is no more reason for saying that the burden of proving its own innocence is upon the defendant than if some other thing had happened which resulted in the destruction of the property; that the evidence of a fire previous to the explosion is denied in the answer and it raised a question to be established by plaintiff's evidence.

The rule as to the burden of proof in cases of this kind upon policies of insurance has received repeated adjudications and is so well established as to be no longer open to controversy. In our own jurisdiction, the courts have passed upon this question and the law may be stated as follows: In an action on a policy of (accident) insurance, the plaintiff should allege and prove the issuance of the policy, the payment of the premium, the death of the assured, the giving of notice, and the making of proof and the general compliance with the conditions of the policy, and if the answer sets up special and affirmative matters of defense under the terms of the contract, it is error to instruct that plaintiff must prove a compliance with all the terms and conditions of

the policy. [Hester v. Fidelity & Casualty Co., 69 Mo. App. 186; Meadows v. Pacific Mutual Life Ins. Co., 129 Mo. 76.] The same rule of law as to burden of proof as was applied in the above cases of accident policies applies to fire policies. The law is well stated in the case of German American Ins. Co. v. Hyman (Colo.), 94 Pac. loc. cit. 32, in this language: "The rule as to the burden of proof on this subject may be stated as follows: When the assured has shown the execution of the contract, also the loss together with the amount thereof, the burden is on the insurer to prove that the loss or a part thereof is within one of the exceptions stated in the policy. It is hardly necessary to cite authorities upon this proposition. It is strictly in harmony with recognized rules for the construction of contracts. . . . Suit being brought upon the contract, it is for the insurer, who resists the recovery, to plead the exception upon which he relies, and to sustain the plea by appropriate proofs. It follows that in the cases at bar the burden was on defendants to aver and prove that the loss or some portion thereof was within the foregoing exception. That is to say, the burden was upon defendants to show that the explosion preceded the fire, and that some portion of the loss sued for was occasioned by the explosion, and not by the fire." In the case just cited, the issues raised by the pleadings and the question on trial were identical with the one we have under consideration. There, a policy of insurance was under consideration containing clauses exempting the insurer from liability and containing the identical clause upon which the insurer in this case claims such exemption. The court there held, as we have just stated, that "the burden was upon the defendants to show that the explosion preceded the fire." [See also 16 Am. and Eng. Ency. of Law (2 Ed.), page 955.] The case of Transatlantic Fire Ins. Co. v. Bamberger (Ky.), 11 S. W. 595, was an action upon a fire insurance policy to recover for a loss, and the defense was there made.

that the defendant insured plaintiff's goods by a policy providing that "there should be no liability occasioned by a fall of the building except as the result of a fire." The appellate court held that the court below properly instructed the jury that they should find for the defendant unless the fall of the building was the result of a fire, and that the burden of proving that the fall was not the result of a fire rested on the defendant.

The appellant's objection that the judgment is not supported by the evidence requires at our hands the examination of all the evidence in the case.

The superintendent of the Kansas Natural Gas Company testified that he had been familiar with the gas business since 1887. He was asked the following questions:

"Q.    Will natural gas explode unless it comes in contact with flame previous?    A.    No, sir.

"Q.    Then there must be a flame before there can be an explosion?    A.    Yes, sir."

The evidence in this case comprehensively examined —both the evidence for the appellant and the respondent—shows that no person was present in the basement where the fire occurred at and prior to the time of the explosion, and no person testified to having personal knowledge as to whether the fire preceded the explosion or the explosion preceded the fire; and the only evidence as to the priority of the one over the other was the conditions and surroundings of the building and furniture and the evidence of the physical facts after the explosion took place. None of the persons who testified as witnesses were below the first floor of the building on the morning when the explosion took place, or prior to the explosion, and none of them undertook to testify as of his personal knowledge as to the condition of things in the basement where the explosion took place at the time that it occurred, and no one undertook to give any evidence as to how it did occur. The only evidence as to the condition of things at that time coming from the knowledge

of any eye-witness was the statement of the boy, Marvin Reynolds, made after the explosion to Dr. W. E. Craig, introduced in behalf of the defense, which will hereinafter be more fully considered.

The evidence of the plaintiff on the question of the priority of the fire was to effect that in the basement underneath the apartment occupied by respondent, there were several poles and books and barrels which were charred and burned; that a lead pipe in the same room going into the bathroom above was melted in two; that there was fire between the front of the house and the boiler-room in the basement, and a crib and a mattress were on fire and the flame came through the basement into the plaintiff's apartment; that there was evidence that fire had burned and injured fixtures, upholstered pieces, and rugs, and that Mrs. Stephens' clothing, hair and eyebrows were burned, and about her room were strong evidences of fire. The appellant's evidence also tended to show that there was fire in the plaintiff's apartment and in the basement, and that smoke and flames came up from the basement into the apartment. The appellant offered evidence tending to minimize the extent of the injuries by fire in charring wood and in doing injuries to the furniture and articles burned, and that the charring of the wood could have been made by the fire in a very short space of time. The appellant also offered evidence tending to show the extent of the injuries produced by the explosion, and that the floor above the basement was broken up and tilted to one side. It also offered evidence of the statements of the boy, Marvin Reynolds, made to Dr. Craig, which declarations were admitted in evidence as being a part of the *res gestae*. These statements were made soon after the explosion. The boy, when first discovered, was lying in the basement horribly mutilated, his skin burned off, his fingers charred—almost cooked—his knuckles loose and dropping off. He could not at first be seen by the witness because of the smoke and dust. His statements

were, for the most part, incoherent, and he kept repeating his words and mumbling. He was taken upstairs where he said to the witness, Dr. Craig: "How did this happen or why did it happen? Don't let my folks know anything about it." He stated that he was down in the basement and struck a match. He kept saying one thing over and over again and mumbling—hardly intelligible—but at times he seemed to understand what he was saying and then would go over the same statement again. Dr. Craig stated that the boy was found perhaps fifteen to twenty feet from the foot of the stairs. Taking into consideration his muttering and incoherent speech, lapsing after short intervals into unconsciousness, we cannot feel that his declarations are of much probative force. But aside from that, the evidence that he lighted the match in the basement leads to no certain conclusion. It leaves unsolved the question whether there was a fire burning in the basement at the time he lighted the match. He gives us no word of the condition of things surrounding him at that time in the basement, or at the time he first went down there. The casual relation of the fire and the explosion are still left shrouded in the same mystery as before his declarations were brought into the case. The matter, however, was submitted by the court's declaration of law and the instruction was undoubtedly correct. A loss occurring solely from an explosion, not from a preceding fire, is covered by the exceptions in this policy, and an explosion which occurred from the contact of escaping natural gas with a lighted match under the facts stated would also come plainly within the exceptions of the policy. The authorities hold that the ignition of the explosive substance must be caused by an actual combustion involuntarily or illegally started and sometimes called a negligent or unlawful fire, and not a harmless combustion such as a lighted match, burning gas jets or a lighted cigar, which are called innocent fires.

A fair survey of all the facts relating to the fire

and the explosion do not seem to point in the direction of or converge upon a common center in such a way as to lead to a satisfactory conclusion that the explosion preceded the fire. The facts and circumstances in evidence can be explained on the theory either that the fire preceded the explosion or the explosion preceded the fire. Certainly it cannot be said that such facts and circumstances as to the conditions surrounding the building and the furniture when the witnesses after the explosion first arrived on the scene of action are so related to each other that they prove in any satisfactory way that the explosion preceded the fire. And when we consider the physical and mental condition of the boy and his surroundings at the time of his declarations, together with the inconclusive nature of the statements themselves, these statments, as reported by Dr. Craig, are not of such controlling and probative force as to shift the burden of proof to the plaintiff. The burden of proof, as we have seen, resting upon the defendant, requires him to show by a preponderance of the evidence that the explosion did precede the fire, and without such evidence, the plaintiff's *prima facie* case prevails. The only evidence on which such a conclusion could be reached is, as we have seen, entirely circumstantial, and where a defense depends upon circumstantial evidence, the circumstances must form a connecting chain pointing to a single conclusion. [Fields v. Railroad, 113 Mo. App. 642.] The defendant in this case held the laboring oar, and the law requires it to make headway against the plaintiff's *prima facie* case. And when we consider the nature of the evidence offered in the case, and give it all the legitimate inferences that can reasonably be drawn, we have no hesitation in holding that the judgment was for the right party.

A jury having been waived, and the parties litigant having consented that the trial judge should sit as a jury, he was substituted to the same legal attributes that would have been vested in the jury, and the ap-

pellate court cannot interfere with his finding of the facts unless it appears that there is no substantial evidence to support the judgment. Under the evidence in this case, with the burden of proof on the defendant to make out by a preponderance of evidence that the explosion preceded and caused the fire, we find that there was no error materially affecting the defendant's rights in the finding of the trial court that the plaintiff was entitled to judgment. The matters in dispute were peculiarly for the determination of a jury, and we cannot interfere. [Dobbs v. Cates' Estate, 60 Mo. App. loc. cit. 660.]

The appellant asks a reversal of the judgment in this case on account of certain remarks made by the judge during the trial, to the effect that "it understood from its experience how these insurance companies do in fire cases." These statements, while they may be considered indiscreet and calculated to shake the confidence of the litigant in the impartiality of the court, could not be made grounds for the reversal of this case as we find the judgment of the trial court was for the right party.

A point is also made and evidence injected into the record that the plaintiff, subsequent to the judgment in this case, commenced a suit against the owner of the building in which the fire took place for negligence in failing to properly maintain the gaspipes, by reason of which the explosion took place with damage to his property. This defense that appellant now makes is also untimely and foreign to the record, and can be of no avail to the appellant in this proceeding.

The judgment of the trial court is therefore affirmed. *Cox, J.,* concurs; *Gray, J.,* not sitting.