J. C. GITHENS, Appellee, v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Appellant.

**INSURANCE: Cause of Loss—Explosion Caused by Hostile Fire.** Damages resulting *solely* from an explosion which is caused by a hostile fire in an insured building are recoverable under a policy which insures "against all direct loss or damages *by fire*," even though the policy exempts the insurer from "loss caused directly or indirectly by explosion of any kind unless fire ensues, and in that event for damages by fire only."

**INSURANCE: Construction of Policy—Construction Against Insurer.** Principle reaffirmed that an insurance policy will, speaking generally, be construed most favorably to the insured.

**INSURANCE: Actions on Policies—Evidence.** Evidence that partly burned garments were found in a room adjoining that part of the building injured by an explosion may be admissible as bearing on the issue whether a fire existed in the attic of the injured building and whether such fire caused the explosion in question.

**APPEAL AND ERROR: Harmless Error—Exclusion of Exhibits But Not of Related Testimony.** The action of the court in withdrawing from the record certain exhibits, but refusing to withdraw the oral testimony relating thereto, does not necessarily constitute reversible error.

Headnote 1: 26 C. J. p. 345 (Anno.)  Headnote 2: 32 C. J. p. 1152. Headnote 3: 26 C. J. p. 520.  Headnote 4: 4 C. J. p. 1002.

*Appeal from Wayne District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 9, 1926.

SUIT on a fire insurance policy. The jury returned a verdict in behalf of the plaintiff, and the defendant appeals.—*Affirmed*.

*McGinnis & McGinnis*, for appellant.

*Steele & Miles* and *Bracewell, Murrow & Poston*, for appellee.

FAVILLE, J.—Appellee was the owner of a one-story brick building located on the west side of Park Avenue in the town of Allerton. He carried policies of insurance in appellant company: one upon the stock of goods in said building, and the other upon the building itself. The stock of goods consisted largely of jewelry. The building in question was one of a series of brick structures. The north building of said row was occupied as a marble shop, and south of it was a restaurant. Appellee's building was next. There was a brick partition wall between the restaurant and appellee's building. South of appellee's building was a building used as a cleaning establishment, and in this a small stock of gentlemen's furnishing goods was carried. Appellee's building and the building south of it were under a single roof. There was a space between the ceiling of these two buildings and the roof which covered them. A fire broke out in the restaurant building immediately north of appellee's building. There was an explosion of some character in the restaurant building, followed immediately by a rapidly progressive fire, which destroyed the contents of the restaurant building. While this fire was in progress, it was noticed that the electric lights in appellee's building began to flicker and be unsteady, and very shortly thereafter, an explosion took place, evidently between the ceiling and the roof of appellee's building. This explosion lifted the roof a considerable distance in the air, and it fell back upon appellee's building and caused damage to the insured property therein. This action is to recover under the policy of fire insurance for the damage so caused. The building of appellee and the contents therein were not burned. There was apparently no fire in said building after the explosion which destroyed the roof. It is the contention of appellee that the explosion

1. INSURANCE: cause of loss: explosion caused by hostile fire.

which took place under the roof of appellee's building was caused by a preceding fire which found its way into appellee's building from the adjacent burning building.

The insurance policies in this case are the standard form used in this state. Each policy provides that the company insures appellee "against all direct loss or damage by fire, except as hereinafter provided." The exception involved in this case is as follows:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war, or (unless fire ensues, and in that event, for damage by fire only) by explosion of any kind."

I. Appellant contends that its motion for a directed verdict should have been sustained. The contention at this point involves a construction of the policy of insurance and also a consideration of the evidence in the case. The general provision of the policy is an insurance "against *all* direct loss or damage *by fire*, except as hereinafter provided." The exception clause under consideration may perhaps be more easily examined if its terms are transposed. The exception therein provided for is that the company shall *not* be liable for loss caused directly or indirectly by explosion of any kind, unless fire ensues, and in that event, for damage *by fire* only. It is appellant's contention that the proper construction of this provision of the policy is that thereunder appellant is not to be held liable for any injury caused by an explosion of any kind, if nothing but an explosion occurs. To put the proposition in another way, it is the contention of appellant that, if for some reason an explosion takes place which injures the insured property, but no fire ensues from the explosion, in such an event appellant would not be liable under its policy.

It must be conceded that the evidence is wholly insufficient to show that the explosion in appellee's building was followed by any fire that damaged any of appellee's property. If there were nothing more in the case than evidence that from some unexplainable cause an explosion took place in appellee's building which resulted in the injury complained of, without proof that any damage was caused by fire, there could be no recovery under the terms and provisions of the policy. The exception

would appear to cover such a situation exactly.   See *Furbush v. Consolidated Patrons of F. M. Ins. Co.*, 140 Iowa 240, 246.

It is obvious that an explosion may occur, with resulting injury, without any fire, either preceding or following the explosion.   In *Vorse v. Jersey Plate Glass Ins. Co.*, 119 Iowa 555, we said:

"The term 'explosion' has no fixed and definite meaning, either in ordinary speech or in law.   It may be described, in a general way, as sudden and rapid combustion, causing violent expansion of the air, and accompanied by a report.   It may and does vary in degrees of intensity and in the vehemence of the report, and it is not always due to the presence of fire.   Indeed, it may result from decomposition or chemical action."

It is clear that the damage to appellee's property was not caused by any fire that *followed* the explosion.   Appellee plants his right to recover under the policy, in view of the facts in the case, upon the proposition that there was sufficient evidence offered in his behalf to take to the jury the question that there was a preceding hostile fire in appellee's building; that this preceding hostile fire was the cause of the resultant explosion; and that, therefore, the injury to appellee's property was caused "by fire."   There is evidence tending to show that the fire from the adjacent property may have escaped through or over the partition wall between the burning building and appellee's building, and may have come in contact with some substance between the ceiling and roof of appellee's building, causing the explosion that followed, which explosion caused the injury for which recovery is sought.   If there was a preceding hostile fire in any portion of appellee's building, which fire of itself did not cause any substantial injury to the building or contents by burning any portion thereof, but which fire was the cause of an explosion that injured appellee's building and property, can it be said that appellee's loss resulted from the preceding hostile fire, for which recovery can be had under the policy?

Appellant places reliance upon our holding in *Vorse v. Jersey Plate Glass Ins. Co.*, supra.   In that case the action was to recover for the breakage of plate glass, under what is commonly called "a plate-glass policy," and not a "fire policy." The exception clause in the policy was that the company was

not liable for loss or damage that happened by or in conse-
quence of any fire. Recovery was sought for breakage of plate
glass, which was caused by an explosion of gas generated from
gasoline in the building, which gas was ignited by a match or
light in the room. The contention was that the damage was
caused by fire from the match or light, and the insurance com-
pany claimed that it was not liable, because, under the excep-
tion clause, it was not liable for breakage caused "by fire."
We held that a lighted match or other light properly in the
building was not contemplated by the parties as "a fire" which
was excepted by the terms of the policy. Such light or "fire"
was what is termed by the authorities "a friendly fire," as dis-
tinguished from "a hostile fire." And we held that the dam-
age to the glass was not within the exception of the policy;
that it was not caused "by fire," within the meaning of said
policy; and that the lighted match or other "friendly fire"
which caused the gasoline to explode was not "a fire," within
the meaning of the exception in the policy.

The case is not in point, under the facts of the instant case.
The distinction between a lighted match, or a lighted cigar,
burning gas jet, a reasonable fire in a stove for heating pur-
poses, and other innocent or "friendly fires," and a "hostile
fire," is clearly recognized. *First Nat. Bank v. Royal Ind. Co.*,
193 Iowa 221, 228; *Hansen v. LeMars Mut. Ins. Assn.*, 193 Iowa
1; *Mitchell v. Potomac Ins. Co.*, 183 U. S. 42 (46 L. Ed. 74);
*United L. F. & M. Ins. Co. v. Foote*, 22 Oh. St. 340 (10 Am.
Rep. 735); *Briggs v. North American & M. Ins. Co.*, 53 N. Y.
449; *Transatlantic F. Ins. Co. v. Dorsey*, 56 Md. 70; *Heuer v.
North Western Nat. Ins. Co.*, 144 Ill. 393 (33 N. E. 411).

If it be assumed that there was a preceding hostile fire which
caused the explosion, if such hostile fire did no substantial in-
jury to appellee's property by actually burning the same, but
did cause the explosion, with no subsequent burning, can it be
said that the injury to appellee's property, resulting from the
explosion, was caused by the hostile fire?

In *German American Ins. Co. v. Hyman*, 42 Colo. 156 (94
Pac. 27), the Supreme Court of Colorado considered a policy
identical in its provisions with the policy in the instant case.
The court said:

"If the fire preceded the explosion and the explosion was an incident thereto, the fire was the direct or proximate cause of the injury by the explosion, and plaintiff was entitled to recover for his entire loss.   But, if the explosion preceded the fire and was not caused by it, plaintiff can, under the express terms of the policy, only recover for that proportion of the damages resulting from the fire alone.   This construction is well established.   There seems to be no serious conflict of authority in relation thereto."

See, also, *Waters v. Merchants' Louisville Ins. Co.,* 11 Pet. 213 (9 L. Ed. 691) ; *LaForce v. Williams City F. Ins. Co.,* 43 Mo. App. 518; *Wheeler v. Phenix Ins. Co.,* 203 N. Y. 283 (96 N. E. 452) ; *Stephens v. Fire Assn.,* 139 Mo. App. 369 (123 S. W. 63) ; *Smiley v. Citizens F. M. & L. Ins. Co.,* 14 W. Va. 33; *Home Lodge Assn. v. Queen Ins. Co.,* 21 S. D. 165 (110 N. W. 778) ; *Scripture v. Lowell Mut. F. Ins. Co.,* 10 Cush. (Mass.) 356 (57 Am. Dec. 111).

In *New Hampshire F. Ins. Co. v. Rupard,* 187 Ky. 671 (220 S. W. 538), it is said:

"* * * the general rule prevailing is that an insurer under a contract which insures against losses from fire is liable for damages caused to the insured property by an explosion, where there is a fire, as such terms are popularly understood, burning in the property, and it is followed by an explosion which is an incident of or is caused by the fire.   In such instances it is considered that the entire loss, both from the fire and the explosion, is a loss caused by the fire, and this rule of liability is applied to the insurers under the contracts which except the risks of explosion, as well as those which do not except such risks.   The fire in such instances is held to be the proximate cause of the entire loss."

In *Scripture v. Lowell Mut. F. Ins. Co.,* supra, the rule is thus stated:

"* * * that where the effects produced are the immediate results of the action of a burning substance in contact with a building, it is immaterial whether these results manifest themselves in the form of combustion, or of explosion, or of both combined.   In either case, the damage occurring is by the action

of fire, and covered by the ordinary terms of a policy against loss by fire.''

As bearing on this question, see cases supra, and also the following: *Dows v. Faneuil Hall Ins. Co.*, 127 Mass. 346 (34 Am. Rep. 384); *American Steam Boiler Ins. Co. v. Chicago Sugar Ref. Co.*, 6 C. C. A. 336 (57 Fed. 294); *Washburn v. Farmers' Ins. Co.* (C. C.), 2 Fed. 304; *Washburn v. Miami Valley Ins. Co.* (C. C.), 2 Fed. 633; *Hall & Hawkins v. Nat. F. Ins. Co.*, 115 Tenn. 513 (92 S. W. 402).

Appellant relies upon *Furbush v. Consolidated Patrons of F. M. Ins. Co.*, 140 Iowa 240. In that case the policy indemnified against loss or damage by fire, and there were no exceptions to it. The fire apparently originated from the lighting of a lamp in a room where gas had escaped, and an explosion followed. We said:

''A fire may be both a burning by slow, and a burning by rapid, combustion, and if the insurance company makes no distinction between them in its policy, either is covered by a stipulation for indemnity for loss by fire.''

We held, under the terms of the policy:

''That an explosion such as occurred in this case is a fire, within the meaning of the policy in suit, is well sustained by the authorities already cited, and no case has been called to our attention holding otherwise, save where there is a clause in the policy absolving the company from liability for explosions.''

We held that, under the policy in that case, the injury from the explosion was an injury ''by fire,'' within the meaning of the policy.

The case does not control the situation in the case at bar. The policy in suit does contain a clause absolving the company from liability for damages from an explosion only: It was doubtless framed to meet the decisions holding that ''an explosion'' was ''a fire.''

But a different situation is presented where there is in fact a hostile fire which causes damage either by burning or by a subsequent explosion.

It is a familiar rule that an insurance policy is to be construed most favorably to the insured, and against the insurer. The situation is not one where two parties sit down and draft a

**2. INSURANCE: construction of policy: construction against insurer.**

contract between them.   The insurance business has become "standardized."   The policyholder goes to an insurance company to buy "fire insurance" on his property.   The insurance company undertakes to sell him "fire insurance."   A policy is delivered to the insured, with certain provisions therein incorporated, and taken by the insured without modification or change on his part.   Appellee bought "fire insurance."   The company undertook, by its policy, to insure him against *all damage caused by fire.*   This referred to all damage resulting from a hostile fire to the property.   If a hostile fire existed in appellee's building, and the subsequent explosion was an incident of the action of that hostile fire, then appellant is liable for the attendant results, under this policy.   Such is the great and controlling weight of authority.

In the instant case, there was evidence, which we deem sufficient to take the case to the jury, on the question as to whether or not there was a hostile fire in appellee's building preceding the explosion in question, which directly caused the same.   It is unnecessary that we review the evidence *in extenso.*   It tends to show that fire had escaped from the adjacent burning building into the space between the ceiling and roof of appellee's building, where the explosion occurred.   There were evidences of smoke upon the wall, indicating this condition.   The shims upon which the rafters rested upon appellee's side of the partition wall between his building and the burning building were found to be scorched and smoked.   The case presented one for the consideration of the jury in determining whether or not there was a hostile fire in appellee's building which caused the explosion and damage therein.   The court did not err in refusing to direct a verdict.

II.   Over appellant's objection, the court admitted in evidence the testimony of the witness who occupied the building immediately south of the building of appellee, which was under the same roof as appellee's building.   In

**3. INSURANCE: actions on policies: evidence.**

connection with the testimony of this witness, there were offered in evidence three exhibits, being certain clothing taken from the building of said witness.   There was no fire in said building, and the three garments of-

fered in evidence, which were discovered after the fire, had marks indicating that they had been burned; and, they having been buried under the debris caused by the collapse of the roof, it was inferred therefrom that the fire had extended as far south as the building of said witness before the explosion took place.

It was for the jury to determine, under all of the facts and circumstances in the case, whether or not there was an antecedent hostile fire in any portion of appellee's building, prior to the explosion in question. We think that the court did not err in admitting this testimony, under the entire record, as bearing upon this question which the jury was to determine.

III.    Appellee, as a witness, identified two exhibits, which were boards, or pieces thereof, and offered evidence tending to show that these exhibits had been taken from the lumber re-

4. APPEAL AND ERROR: harmless error: exclusion of exhibits but not of related testimony.

moved from appellee's building after the fire in question. The court admitted the testimony in regard to these exhibits and where they were found, and their condition, and permitted the exhibits to be offered in evidence. Later on, the court sustained a motion to withdraw the exhibits in question from the consideration of the jury, on the theory that they had not been so kept and preserved as to permit of their introduction in evidence. Appellant made a motion to withdraw from the consideration of the jury the testimony of appellee with regard to the exhibits, and this motion was overruled. We think the court did not err to appellant's prejudice in this regard. It is true that, with the exhibits withdrawn from the consideration of the jury, the evidence of the witness in regard thereto was of little materiality. We are disposed to the view that, under the entire record, if the court had refused to exclude the exhibits, it would not have committed error; and under such circumstances, we are not disposed to hold that there was prejudicial error in permitting the evidence of the witness to remain in the record.

IV.    Appellant complains of the admission in evidence of certain shims which were found in the apertures where the ceiling rafters of appellee's building rested upon the partition wall between appellee's building and the adjacent building which burned. Upon the entire record, we think the court did not err in admitting these exhibits in evidence. The time that had

elapsed since the burning of the building, the surrounding conditions, the place where the shims were claimed to have been found, and their condition, were all proper matters for the consideration of the jury. Appellant's objection is really more directed to the weight than to the admissibility of the testimony. We think the court did not err in admitting the evidence.

·V.   Complaint is made of certain instructions given by the trial court.   The instructions are not inconsistent with each other, as claimed by appellant, and they appear to be in accordance with the rules of law governing the case, as set forth in this opinion.

We have carefully examined all of the errors relied upon for reversal by appellant, and reach the conclusion that the judgment of the trial court must be, and it is,—*Affirmed*.

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.