W. P. SCULLY, Appellee, v. BREMER COUNTY FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION, Appellant.

No. 41379.

NOVEMBER 22, 1932.

McCoy & Beecher, for appellee.

Sager & Sweet, for appellant.

CLAUSSEN, J.—Appellant insured a dwelling house, owned by appellee, against loss or damage by fire. The house was equipped with an acetylene gas lighting plant, which became out of order. In the process of adjusting it, a quantity of gas escaped into the basement of the house and was ignited by the flame of a lighted gas jet, with the result that the expanding gases blew a large part of the foundation from under the house and caused other damage. It is doubtful whether any of the material of the house was set on fire.

In any event, the damage due to actual burning of such material was of no consequence.

Proper proof of loss was made. The parties have agreed upon the sum in which the house was damaged. Appellant denied liability on the ground that the damage was not occasioned by fire. Trial was had to the court and judgment was entered, for the agreed amount, against appellant, from which it appeals.

The contract of insurance contains no language germane to the the case which excepts liability for damage by explosion.

The appeal presents only one question, namely, was the damage to the house occasioned by fire?

The question has its answer in the holding of this court in Furbush v. Consolidated Patrons of the Farmers Mutual Insurance Co., 140 Iowa 240. In that case the pertinent provisions of the contract of insurance were substantially similar to the contract in this case. The thing insured against was damage by fire. Explosions were not excepted. In that case, as in this, loss was occasioned by the ignition of acetylene gas. In that case the gas was ignited by a lamp; in this, by an open lighted gas jet. In that case, as in this, damage due to actual burning was negligible. In that case, as in this, damage was due to the violent expansion of the burning gases, or as the parties put it, to the explosion of the gas. In that case, as in this, the burning gases produced flame. In that case recovery on the contract of insurance was permitted, and in the case at bar, it must be held that the damage complained of was occasioned by fire, and that appellee's recovery is proper, unless our former case is overruled. The court is not disposed to overrule the case.

It is contended that the holding of the court in Furbush v. Insurance Co., 140 Iowa 240, is not in harmony with Vorse v. Jersey Plate Glass Ins. Co., 119 Iowa 555; Githens v. Great American Ins. Co. of New York, 201 Iowa 266, and Sigourney Produce Co. v. Milwaukee Mechanics' Ins. Co., 211 Iowa 1203.

In Vorse v. Jersey Plate Glass Ins. Co., 119 Iowa 555, action was brought on a policy insuring certain plate glass in a building owned by plaintiff against loss or damage by breakage through *accident*. The policy contained this provision:

"This Company is not liable to make good any loss or damage which may happen by or in consequence of any fire."

It appears that the items of damage involved in that case were

occasioned by the explosion of fumes of gasoline which were unintentionally ignited by a match or light in some room in the building. It fairly appears that the glass was instantly shattered by the expanding gases, and that as a result of the explosion the building was set on fire. In this situation it was contended that the damage to the glass was occasioned by or in consequence of fire. In discussing the contention of the insurance company the court says:

"The real point made is that the explosion was due to, or was in consequence of fire, if not fire itself. * * * In the case before us, *it* (the explosion) *was undoubtedly caused by fire,* or as stated in the agreed statement of facts '*by a match or light in the room*' which transformed the gasoline gas into heat which was propagated from one particle of air to another and finally against the glass, the shock of which caused the breakage complained of. The stipulation says that the breakage and explosion occurred prior to the fire in the building which we assume means that the glass was broken before any part of the structure or of the goods therein were ignited *for it is clear that there must have been a match or light in the room which caused the explosion.* Did the breakage then happen by or was it in consequence of any fire?"

Proceeding to the determination of this question the court said:

"The question is a nice one and by no means free from doubt; but we are inclined to the view that the loss did not happen by nor was it in consequence of any fire *as those terms are used in the policy in suit.* Of course *but for the lighted match or other light in the room the explosion would not have happened and the explosion itself was due to rapid combustion.* But in ordinary parlance the damage was due to the explosion or to the concussion produced thereby or as said in the agreed statement of facts the explosion and breakage occurred prior to the fire in the building. *The lighted match or other light in the building was not contemplated by the parties as the fire* which was excepted by the terms of the policy. *It was not a destructive fire against the immediate effects of which the condition in the policy was intended as a protection. It was, it is true, the possible means of putting the destructive force in motion but was not the excepted peril.* Had there been no fire after the explosion it seems to us it could not fairly be claimed that the damage done the glass was due to or in consequence of any fire. *The immediate cause of the breakage was concussion produced by*

*the ignition of gas it is true; but that such an effect was due to or in consequence of fire as that term is ordinarily used or as the parties intended it in this case is hardly supposable.* * * *

"Policies of insurance should not have a technical construction for the purpose of defeating the insured. He has nothing to do with the wording of the policy, and must accept it as tendered. Hence the rule of construction hitherto quoted. *Indeed, we think language such as that on which defendant relies should be given its ordinary and common signification, and not its scientific and technical meaning.* The insured went to the company for a policy of insurance on the plate glass in her building, and received a policy providing indemnity for breakage not caused by, nor in consequence of any fire. *She had the right to assume that the policy covered damage by an explosion, such as the one in question,* and was not called upon to go to some scientist for a technical definition of fire. After all the question is, what would an ordinary man understand from the use of the term? *Would such a person, having no technical information on the subject, understand that a gasoline explosion, caused by a lighted match, was a fire,* in the absence of proof that something aside from the gas was ignited? We think not. At any rate, the trial judge was authorized to find the negative of this proposition. *We cannot too strongly emphasize the thought that the match or other light referred to in the agreed statement of facts was not a fire, within the meaning of the condition of the policy now under consideration.* * * *

"If, then, *the lighted match, or other fire which caused the explosion, was not a fire;* within the condition of the policy, *and there was no ignition of the building, or of the goods stored therein,* which caused the breakage, but all damage was done before the fire was started, as stated in the agreed statement of facts, then it is clear that plaintiff had a right to recover, and that the district court was correct in its holding. The parties themselves have distinguished the explosion from the fire in their agreed statements of facts, from which we have quoted. *Giving the language used in the policy its ordinary signification,* and applying it to the agreed statement of facts, we think the damage did not happen by, nor in consequence of any fire. * * *

"Keeping in mind the fact that the language of a policy of insurance is to be given its ordinary and popular signification, rather than its technical meaning, and that, when capable of two construc-

tions, it is to be given that which is most favorable to the insured, we reach the satisfactory conclusion that, under the agreed statement of facts in this case, the defendant is liable for the breakage." (All italics are ours.)

It is certain that the court did not announce the rule that the results of an explosion of combustible gas are not due to fire, for the court says:

"Of course but for the lighted match or other light in the room the explosion would not have happened and the explosion itself was due to rapid combustion."

It is equally obvious that the court permitted recovery on the ground that the insured had the right to assume that the policy covered damage by an explosion such as the one involved; that neither the lighted match nor the burning fumes were fire within the terms of the policy; and that under the facts and circumstances the fire contemplated by the exception was such as consumed the material of the building. It is true that the case contains sentences which, standing alone, appear to be inconsistent with the subsequent holding in the Furbush case. It is said that destruction of the glass was not due to or in consequence of fire "as that term is ordinarily used," and that, if the language used in the policy is given "its ordinary signification," and applied to the agreed statement of facts, it must be held that the damage did not happen by or in consequence of fire. The case contains a quotation from a text on insurance in conflict with our present rule. Yet when the case is read as a whole, it does not conflict with the Furbush case; for exactly as one reading the policy in the Vorse case, and giving to all its terms their ordinary meaning, would naturally and properly assume that if the glass was broken by the explosion of gasoline fumes, there could be recovery, in that the policy covered the glass only, and insured against breakage through accident, so one reading the policy in the Furbush case and likewise considering its language in its ordinary meaning would naturally and properly assume that the damage due to the expansion of the burning gas could be recovered, because the policy covered the entire house and insured against damage by fire. Stated more tersely, the words "damage in consequence of fire" do not always mean the same thing. The policy and the risks to which it applies, are indispensable factors in determining the meaning of the words.

In Githens v. Great American Insurance Co. of New York, 201 Iowa 266, the policy involved, insured against damage by fire. It excepted liability for loss by explosion of any kind. The case was decided upon the assumption that fire found its way, from a burning building adjoining the insured property, into the space between the ceiling and roof, causing an explosion there, which did the damage for which recovery was sought. Little, if any, damage was done by actual burning. The court permitted recovery on the policy, holding that the exception against loss by explosion of any kind did not embrace loss by explosion caused by a hostile or unintentional fire. The question whether the explosion was a fire was not in the case.

In Sigourney Produce Co. v. Milwaukee Mechanics' Ins. Co., 211 Iowa 1203, recovery was sought for damage done by smoke from an oil heater. The case holds that recovery cannot be had, under a policy insuring against damage by fire, for loss occasioned by the imperfect combustion of material within a friendly fire.

The language employed by the court, in the cases referred to, was used in the light of the facts of each case. No single sentence was intended to stand alone. The matters under discussion were neither abstract nor academic. When so read, there is no conflict in the several cases above referred to.

Other than in laboratories and certain workshops, burning is a process of oxidation. If this process is sufficiently violent, the elements involved are heated to incandescence, and if combustible gases are given off there is flame. It is not necessary to decide at what stage the process of oxidation becomes fire, but assuredly when flames appear there is fire. If a proper mixture of combustible gas and air is brought in contact with an open light or lamp, the mixture is burned in the twinkling of an eye and the resultant gases are violently expanded by the heat produced by the burning. In the case at bar the gas was ignited by fire, by the burning gas jet, and the result of ignition of the gas was fire. The record discloses that the burning gas was aflame. The thing insured against is damage by fire, not actual burning. Losses due to smoke and water are frequently recouped under policies insuring against damage by fire. As pointed out in the Furbush case, the fact that one fire is nearly instantaneous, while the other is a relatively leisurely affair, does not warrant the court in saying that the one is fire and the other is not.

Reason and the former holding of the court lead inevitably to the conclusion that the judgment of the trial court is right. Consequently such judgment is affirmed.—Affirmed.

STEVENS, C. J., and EVANS, ALBERT, KINDIG, and BLISS, JJ., concur.