STILLPASS, APPELLEE, *v.* FIDELITY & GUARANTY FIRE
CORP., APPELLANT.

(No. 6201—Decided November 30, 1942.)

*Messrs. Davies, Hoover & Beall,* for appellee.
*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for
appellant.

MATTHEWS, P. J.   We agree with the Court of Common Pleas that when this fire policy is construed in accordance with the familiar rule that any provisions of doubtful or ambiguous meaning must be given the meaning most favorable to the assured, the loss suffered was covered by it.   In unambiguous words the policy provides for the protection from "Fire, arising from any cause whatsoever" and at no place in the policy is there any clear limitation upon the wide scope of that provision.   The fact that there is affirmative

provision elsewhere in the policy for protection against explosion generally is in no sense inconsistent with the conception of protection against loss from explosion accompanying or following as a direct result of fire. And there was fire here in connection with the property covered by the policy.

Appellant relies on certain cases. The first and principal one is *German Fire Ins. Co.* v. *Roost,* 55 Ohio St., 581, 45 N. E., 1097, 36 L. R. A., 236, but in that case there was no fire in relation to the property mentioned in the policy, and in unambiguous language the policy excluded all liability resulting from explosion except where fire ensues "and then the loss or damage by fire only." The dissimilarity is striking.

In *United Life, Fire & Marine Ins. Co.* v. *Foote,* 22 Ohio St., 340, 10 Am. Rep., 735, there was an express provision that the insurer would not be liable for "any loss or damage occasioned by, or resulting from any explosion whatever, whether of steam, gunpowder, camphene, coal-oil, gas, nitro-glycerine, or any explosive article or substance." The property insured, to the knowledge of the parties, was used in the manufacture of a highly volatile substance. A flame was burning from a gas jet and upon this volatile substance coming in contact with the flame an explosion followed by fire resulted. The recital shows that the fire was the direct result of the explosion. No uncontrolled fire preceded the explosion. In the case at bar it is manifest that there must have been an uncontrolled fire preceding and causing the explosion as well as some fire resulting from the explosion. And in the policy here under interpretation there is no provision expressly exempting the insurer from loss occasioned by explosion.

*Boatman's Fire & Marine Ins. Co.* v. *Parker,* 23 Ohio St., 85, 13 Am. Rep., 228, is also cited. The court

held the insurer liable for loss by fire resulting from an explosion, in the face of a provision exempting from liability for loss from explosion. The court distinguished *United Life, Fire & Marine Ins. Co.* v. *Foote, supra.* It seems to us the two cases are of value as showing that the language of each policy must be considered and that a decision construing another policy containing different language applied to different circumstances can shed no more than an uncertain light upon the proper interpretation of a policy couched in different language.

We find *Admrs. of Perrin* v. *Protection Ins. Co.,* 11 Ohio, 147, 38 Am. Dec., 728, authority only for the two propositions that a new trial will not be granted on the ground of newly discovered evidence that is merely cumulative, and that it was no defense to an action on that policy of insurance that the insured's agents were negligent. Neither proposition would be disputed now, but neither has any application here.

In *Mitchell* v. *Potomac Ins. Co.,* 183 U. S., 42, and *Washburn* v. *Western Ins. Co.,* Federal Cases, No. 17216, the policies expressly excepted loss by explosion and the case falls in the same category as *United Life, Fire & Marine Ins. Co.* v. *Foote, supra,* and what we have said about that applies equally to this case.

The distinction between a "friendly fire" and a "hostile fire," while no doubt sound, when properly construed and applied is of very little value in reaching a conclusion in a specific case, the decision in which depends upon the application of the exact language of the policy to the circumstances disclosed by the evidence. It requires more discrimination than that expressed by such slogans. In this case the fire was both friendly and hostile. While it was serving the purpose intended, it could be said to be friendly, but when it

.got beyond control and became destructive, it ceased to be friendly and became hostile.

A case more nearly analogous to this case, the reasoning in which we adopt, is *Renshaw* v. *Missouri State Mutual Fire & Marine Ins. Co.,* 103 Mo., 595, 15 S. W., 945, 23 Am. St. Rep., 904. The policy insured against "loss or damage by fire" and contained no exemption from loss by explosion, the same as the policy in this case. The evidence indicated that a gas jet was kept burning during the night in a store room on the first floor of the building insured as was the custom. Gasoline and kerosene were in the store room and during the night fumes from them were ignited by the gas jet flame and the resulting explosion demolished the building. The court discussed the distinction in different phraseologies of policies and held that the loss from this explosion was covered by this policy, saying:

"A fire resulting from the explosion of a lighted coal-oil lamp, or from the ignition of paper, cotton or other easily ignited substance left too near a heated stove or grate, which resulted in communicating fire to the insured property would certainly be covered by the terms of the policy. It could make no difference how innocent the original fire, whether used to light or heat a room, or to run machinery; if communicated to the property insured, the loss would be by fire. It is seldom conflagrations originate from other causes than that of an innocent and lawful fire. It is impossible to draw a distinction between a fire, communicated from a gas jet, a lamp or a stove to tangible combustibles and one communicated by the same agencies to intangible inflammable vapor or gas. The explosion of a coal-oil lamp, caused by the generation of gas, may not in a moment communicate the fire to the entire building, but it may result in as complete destruction as the ignition of gas, which permeates every

part of the building and destroys the whole by an instantaneous blaze.''

See, also, 5 Appelman, Insurance Law and Practice, Section 3082, and 6 Cooley on Insurance, 4931; *Renshaw* v. *Fireman's Ins. Co. of Baltimore,* 33 Mo. App., 394; *German Baptist Tri-County Mutual Protective Assn.* v. *Conner,* 64 Ind. App., 293, 115 N. E., 804; *Scully* v. *Bremer County Farmers' Mutual Fire Ins. Assn.,* 215 Iowa, 368, 245 N. W., 280; *Heuer* v. *Northwestern Natl. Ins. Co. of Milwaukee,* 144 Ill., 393, 33 N. E., 411, 19 L. R. A., 594.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.